COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons and Frank
Argued at Chesapeake, Virginia


KENNETH ALEXANDER REYNOLDS
                                          OPINION BY
v.    Record No. 0549-99-1        JUDGE ROBERT P. FRANK
                                        FEBRUARY 29, 2000
CITY OF VIRGINIA BEACH


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Thomas S. Shadrick, Judge

            Andrew G. Wiggin (Donald E. Lee, Jr. and
            Associates, on brief), for appellant.

            Teresa N. McCrimmon (Leslie L. Lilley, City
            Attorney; Kathy Dillon Rountree, Assistant
            City Attorney, on brief), for appellee.


     Kenneth Reynolds (appellant) was convicted of driving a

motor vehicle while under the influence of alcohol in violation

of Virginia Beach Code § 21-336.  On appeal, appellant contends

that in order to be found guilty under Virginia Beach Code

§ 21-336, he must have driven or operated the vehicle on a

highway.[1]  We disagree and affirm the conviction.

     The Code of Virginia, § 18.2-266 reads in pertinent part,

            It shall be unlawful for any person to
            drive or operate any motor vehicle, engine
            or train [while under the influence] to a
            degree which impairs his ability to drive or
            operate any motor vehicle, engine or train
            safely . . . .

_____

     [1] At trial, appellant's counsel admitted appellant was
operating the vehicle.

For the purposes of this section, the term "motor vehicle" includes mopeds, while operated on the public highways of this Commonwealth.

Additionally, the Code of the City of Virginia Beach § 21-336 states:

> (a) No person shall drive or operate in the city any automobile or other motor vehicle, engine or train [while under the influence] to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely . . . .
>
> (b) For the purposes of this section, the term "motor vehicle" includes mopeds while operated on the public highways of the city.

The issue raised by appellant was resolved as early as 1961. The Virginia Supreme Court, in Valentine v. Brunswick County, 202 Va. 696, 698-99, 119 S.E.2d 486, 487-88 (1961), made the following observation,

> [i]t has been generally held that an ordinance or statute which provides that no person shall drive or operate a motor vehicle while under the influence of intoxicants, and is silent as to the place where the offense may be committed, does not require as an element of the offense that the driving or operating shall be on a public highway . . . .
>
> The county ordinance is clear, unambiguous and means what it says. It applies to anyone driving or operating a motor vehicle, engine or train while under the influence of intoxicants anywhere in the county of Brunswick, whether on a public highway or private property. It does not specify that such driving or operating must occur on a highway.

In support of his argument that the offense must occur on a highway, appellant cites Stevenson v. City of Falls Church, 243 Va. 434, 416 S.E.2d 435 (1992), Lyons v. City of Petersburg, 221 Va. 10, 266 S.E.2d 880 (1980), and Gallagher v. Commonwealth, 205 Va. 666, 139 S.E.2d 37 (1964). However, our review of these cases found no support for appellant's position as they discuss the requirement that the person charged with the offense be the "operator" of the vehicle.

These cases refer to Code § 46.2-100 which defines operator as one "who . . . (i) drives or is in actual physical control of a motor vehicle on a highway . . . ." However, the definitions in Code § 46.2-100 are expressly applicable only to Title 46.2 and do not control Title 18.2. See Code § 46.2-100. Valentine specifically states that an ordinance regulating driving while under the influence "is not a highway regulation and cannot be construed as part of the general codification of the State motor vehicle laws." Valentine, 202 Va. at 698, 119 S.E.2d at 487. Therefore, the definition of operator pursuant to Code § 46.2-100 is inapplicable to this case.

Section 21-336 of the Code of the City of Virginia Beach, like the ordinance in Valentine, is silent as to the place where the offense may be committed except in the case of mopeds.

Appellant was behind the wheel of an automobile, not on a moped. Like the Valentine ordinance, the Code of the City of Virginia Beach "is clear, unambiguous and means what it says."

It makes unlawful any operation of an automobile anywhere in the City of Virginia Beach by anyone under the influence of intoxicants.  Appellant admitted he was operating his vehicle in a ditch located in the City of Virginia Beach while under the influence of alcohol.  Nothing in the City ordinance exempts appellant's conduct.  The City ordinance prohibits and criminalizes appellant's admitted actions because the actions occurred in the City of Virginia Beach.  The fact that appellant operated the vehicle while trying to extricate it from a ditch, off the traveled portion of the public highway, is of no importance.

For these reasons, we affirm the judgment of the trial court.

Affirmed.