COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


MATHURIN NGOMONDJAMI

                                                              OPINION BY
v.        Record No. 0500-08-4          CHIEF JUDGE WALTER S. FELTON, JR.
                                                              JUNE 30, 2009
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                                    Joanne F. Alper, Judge

            Amy K. Stitzel, Assistant Public Defender (Office of the Public
            Defender, on briefs), for appellant.

            John W. Blanton, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        After a jury trial, Mathurin Ngomondjami ("appellant") was convicted of driving under the

influence of alcohol (DUI) in violation of Code § 18.2-266.  On appeal, appellant contends the

evidence was insufficient as a matter of law to convict him of DUI, arguing it failed to prove he

"operated" a motor vehicle while under the influence of alcohol.  He also contends the trial court

erred in refusing his proffered jury instruction defining the term "operating a motor vehicle" within

the meaning of Code § 18.2-266.  Additionally, he contends the trial court erred during the

sentencing phase of his trial by admitting into evidence his Department of Motor Vehicles driving

record (DMV record) pursuant to Code § 46.2-943, arguing the Commonwealth failed to comply

with the notice requirements of Code § 19.2-295.1.

                                    I.  Background

        "Where the sufficiency of the evidence is challenged after conviction, it is our duty to

consider it in the light most favorable to the Commonwealth and give it all reasonable inferences

fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). We must "examine the evidence that tends to support the conviction[] and to permit the conviction[] to stand unless [it is] plainly wrong or without evidentiary support." Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998) (citing Code § 8.01-680).

So viewed, the evidence proved that in the early morning hours of October 29, 2006, Corporal Arthur Tate of the Arlington County Police Department found appellant, unconscious, reclined in the driver's seat of a car with its engine running in a school parking lot. Appellant was its only occupant. After several attempts to get appellant's attention by knocking on the driver's door window, Tate opened the unlocked driver's door and woke him.

Corporal Tate determined that appellant had slurred speech, was unsteady on his feet, and had bloodshot eyes. He asked appellant if he would take field sobriety tests, and appellant agreed to do so. However, appellant laughed at Corporal Tate when he demonstrated the one-legged stand test, and refused to attempt it, stating he thought Tate wanted to make fun of him. Appellant also refused to attempt the heel-to-toe test and the alphabet test. Although he previously told Tate he had a degree in electrical engineering, appellant told Tate he had no education and therefore could not perform the alphabet test.

Appellant spoke in a soft voice but was belligerent, and repeatedly threatened Corporal Tate, stating he "prayed that [Tate's] wife and kids would die within three days . . . . " After talking with appellant for approximately 15 minutes, Corporal Tate arrested him for DUI.

At trial, appellant testified he was sleeping in his car because he was in the process of divorcing his wife and that he was homeless. He denied being intoxicated.

After the trial court denied appellant's motion to strike the Commonwealth's evidence, the jury found appellant guilty of DUI. During the sentencing phase, the Commonwealth sought

to introduce appellant's DMV record, pursuant to Code § 46.2-943, for consideration by the jury in fixing his sentence. Appellant objected, contending the Commonwealth failed to provide him with notice pursuant to Code § 19.2-295.1 of its intent to introduce his driving record at sentencing.[1]

Appellant also objected to the trial court permitting the jury to consider his DMV record, arguing it was "unreliable and much more unreliable than an actual record of conviction. That's . . . why there is a surprise and it is prejudicial to the defendant without being able to investigate by looking at the actual record of conviction to see what occurred in court." Appellant's counsel told the trial court that prior to trial she "got [her] own [copy of appellant's] DMV record and it was different from [the] one" offered by the Commonwealth. The only DMV record contained in the record on appeal is the DMV record offered by the Commonwealth.

The trial court overruled appellant's objections and admitted his DMV record, concluding it was admissible under Code § 46.2-943 and that statute did not contain a notice requirement. It also refused to grant appellant's proffered jury instruction defining "operating" a motor vehicle. The jury fixed appellant's sentence at an $800 fine.

## II. Analysis

### A. Jury Instruction

On appeal, appellant first contends the trial court erred in not granting his proffered jury instruction defining "operating a motor vehicle."

"The trial judge has broad discretion in giving or denying instructions requested." Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (*en banc*). "A reviewing

---

[1] Appellant acknowledged that he was provided notice more than fourteen days prior to the start of trial that the Commonwealth's Attorney had an "open file" policy and that the Commonwealth's Attorney's file included appellant's DMV record.

court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). "'When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle.'" Gaines, 39 Va. App. at 568, 574 S.E.2d at 778 (quoting Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984)).

Code § 18.2-266 provides, in pertinent part, that "[i]t shall be unlawful for any person to drive *or operate* any motor vehicle . . . while such person is under the influence of alcohol . . . . " (Emphasis added). An "operator" of a car is defined as any person "who either [] drives or is in actual physical control of a motor vehicle . . . . " Code § 46.2-100. "Operating" a car within the meaning of Code § 18.2-266

> "not only includes the process of moving the vehicle from one place to another, but also includes *starting the engine, or manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion. It means engaging the machinery of the vehicle which alone, or in sequence, will activate the motive power of the vehicle.*"

Stevenson v. City of Falls Church, 243 Va. 434, 438, 416 S.E.2d 435, 438 (1992) (quoting Williams v. City of Petersburg, 216 Va. 297, 300, 217 S.E.2d 893, 896 (1975)).

The trial court declined to give appellant's proffered instruction, which provided that: "Operating a motor vehicle means starting the engine or manipulating the electrical or mechanical equipment of the vehicle without actually putting the vehicle in motion *but with the purpose of putting it in motion*." (Emphasis added). It granted the Commonwealth's jury instruction on that issue, which provided that: "Operating a motor vehicle not only includes the process of moving the vehicle from one place to another, but also includes starting the engine, or

- 4 -

manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion."

Appellant's proffered instruction was not an accurate statement of the law. See Mouberry v. Commonwealth, 39 Va. App. 576, 582, 575 S.E.2d 567, 569 (2003) ("No instruction should be given that 'incorrectly states the applicable law or which would be confusing or misleading to the jury.'" (quoting Bruce v. Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990))). Consistent with prior decisions of this Court and the Supreme Court, it was not necessary that the jury find appellant acted "with the purpose of putting [a car] in motion" to find he "operated" a car within the meaning of Code § 18.2-266. See Stevenson, 243 Va. at 438, 416 S.E.2d at 438.

The instruction granted by the trial court fully and fairly covered the principles of law relevant to the question of whether appellant operated the car in which he was found, intoxicated and while the engine was running. We conclude the trial court did not err in refusing to grant appellant's proffered jury instruction. See Gaines, 39 Va. App. at 568, 574 S.E.2d at 778.

B.  Sufficiency of the Evidence

Appellant also contends the Commonwealth's evidence was insufficient as a matter of law to prove he "operat[ed] [the vehicle,] because there is no evidence that supports a reasonable inference that he had any purpose to put his vehicle in motion on a highway." We find appellant's argument to be without merit.

The evidence at trial proved appellant was in his car and was intoxicated, that the key was in the ignition switch of his car, turned to the on position, and the car's engine was running. From this evidence, the jury could reasonably conclude appellant was in actual physical control of the car, and was "operating" it within the meaning of Code § 18.2-266. Accordingly, we find the jury did not err in finding the evidence sufficient to convict appellant of DUI in violation of

Code § 18.2-266. See Stevenson, 243 Va. at 438, 416 S.E.2d at 438; see also Gallagher v.

Commonwealth, 205 Va. 666, 139 S.E.2d 37 (1964), citing with approval State v. Sweeney, 187

A.2d 39, 45 (N.J. Super. Ct. App. Div. 1962) (holding "defendant's acts, while intoxicated, in

entering the automobile, turning on the ignition, starting and maintaining the motor in operation,

and remaining in the driver's seat behind the steering wheel, where he was found by the police,

justify his conviction as the operator of the automobile").

C. Admission of Appellant's DMV Record

Appellant also contends the trial court erred at the sentencing phase of his bifurcated jury

trial by admitting his DMV record into evidence pursuant to Code § 46.2-943, arguing it was

error to do so because the Commonwealth did not comply with the notice provisions of Code

§ 19.2-295.1.[2] We disagree, finding that Code § 46.2-943, rather than Code § 19.2-295.1, is the

controlling statute in this case.

> "'The admissibility of evidence is within the broad discretion of
> the trial court, and [its ruling thereon] will not be disturbed on
> appeal in the absence of an abuse of discretion.'" Jones v.
> Commonwealth, 38 Va. App. 231, 236, 563 S.E.2d 364, 366
> (2002) (quoting Blain v.Commonwealth, 7 Va. App. 10, 16, 371
> S.E.2d 838, 842 (1988)). However, "a trial court 'by definition
> abuses its discretion when it makes an error of law.'" Shooltz v.
> Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998)
> (quoting Koon v. United States, 518 U.S. 81, 100 (1996)). "In
> determining whether the trial court made an error of law, 'we
> review the trial court's statutory interpretations and legal
> conclusions *de novo*.'" Rollins v. Commonwealth, 37 Va. App.
> 73, 79, 554 S.E.2d 99, 102 (2001) (quoting Timbers v.
> Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 236
> (1998)).

Auer v. Commonwealth, 46 Va. App. 637, 643, 621 S.E.2d 140, 142-43 (2005).

---

[2] Code § 19.2-295.1 provides for jury sentencing in a proceeding separate from the guilt
phase of the trial when the jury finds the defendant guilty of a Class 1 misdemeanor or a felony.

Code § 46.2-943 provides that "[w]hen any person is found guilty of a traffic offense, the court or jury trying the case may consider the prior traffic record of the defendant before imposing sentence as provided by law." The term "traffic offense," within the meaning of Code § 46.2-943, is defined as "any moving traffic violation described or enumerated in subdivisions 1 and 2 of § 46.2-382,"[3] and includes the offense of DUI, of which appellant was convicted. See Code § 46.2-382; see also Farmer v. Commonwealth, 10 Va. App. 175, 180, 390 S.E.2d 775, 777 (1990), aff'd en banc, 12 Va. App. 337, 404 S.E.2d 371 (1991).

The term "prior traffic record," within the meaning of Code § 46.2-943, is defined as "the record of prior suspensions and revocations of a driver's license, and the record of prior convictions of traffic offenses described in [Code § 46.2-943]." Code § 46.2-943. A DMV record is admissible evidence of a defendant's prior traffic record. See Code § 46.2-384; see also Mwangi v. Commonwealth, 277 Va. 393, 395, 672 S.E.2d 888, 890 (2009).

Accordingly, when the jury found appellant guilty of DUI, Code § 46.2-943 authorized the admission of his DMV record into evidence during the sentencing phase as evidence of his prior traffic record.

---

[3] Code § 46.2-382 enumerates the following as moving traffic violations:

> 1. . . . (i) a violation of any law of the Commonwealth pertaining to the operator or operation of a motor vehicle; (ii) a violation of any ordinance of any county, city, or town pertaining to the operator or operation of any motor vehicles, except parking regulations; (iii) any theft of a motor vehicle or unauthorized use thereof or theft of any part attached to it; or (iv) a violation of § 18.2-36.2, subsection B of § 29.1-738, or § 29.1-738.02, 29.1-738.2, or 29.1-738.4;

> 2. . . . [M]anslaughter or any other felony in the commission of which a motor vehicle was used . . . .

Appellant contends, nevertheless, that the trial court erred by admitting his DMV record into evidence because the Commonwealth did not comply with the notice provisions of Code § 19.2-295.1. He argues that Code § 19.2-295.1 and Code § 46.2-943 address similar subjects, i.e., the introduction of evidence of prior offenses during the sentencing phase of a bifurcated trial, and contends the trial court should have harmonized the two statutes by applying the Code § 19.2-295.1 notice requirements to Code § 46.2-943, which contains no notice requirement.

"Under well-settled principles of statutory construction, we may not adopt an interpretation of one statute that conflicts with the plain language of another." Washington v. Commonwealth, 272 Va. 449, 458-59, 634 S.E.2d 310, 315-16 (2006) (internal citations omitted). "Courts cannot 'add language to the statute the General Assembly has not seen fit to include.'" Id. at 459, 634 S.E.2d at 316 (quoting Holsapple v. Commonwealth, 266 Va. 593, 599, 587 S.E.2d 561, 564-65 (2003)). "[N]or are they permitted to accomplish the same result by judicial interpretation." Id. (quoting Burlile v. Commonwealth, 261 Va. 501, 511, 544 S.E.2d 360, 365 (2001) (internal quotation marks omitted)).

For the trial court to find that the Code § 19.2-295.1 notice requirements applied as a prerequisite to the admission of appellant's DMV transcript into evidence pursuant to Code § 46.2-943, it would have to read those requirements into Code § 46.2-943, which does not contain a notice requirement. To do so would be to impermissibly add language to a statute that the General Assembly has not seen fit to include. See Washington, 272 Va. at 458-59, 634 S.E.2d at 315-16.

Appellant also argues that Code § 19.2-295.1 is the controlling statute because it "provides very specific provisions on introduction of criminal histories" during the sentencing phase of a bifurcated trial, while "[Code §] 46.2-943 generally authorizes introduction of traffic histories during sentencing."

> [W]hen one statute speaks to a subject generally and another deals with an element of that subject specifically, . . . if they conflict, the more specific statute prevails. This is so because a specific statute cannot be controlled or nullified by a statute of general application unless the legislature clearly intended such a result.

Commonwealth v. Brown, 259 Va. 697, 706, 529 S.E.2d 96, 101 (2000) (internal citations omitted).

Here, contrary to appellant's argument otherwise, Code § 46.2-943 is the more specific statute. Prior to the 1994 enactment of Code § 19.2-295.1, "[b]ifurcated trials [were] provided by statute only in capital murder cases . . . and in certain traffic cases, Code § 46.1-347.2," the predecessor of Code § 46.2-943. Brown v. Commonwealth, 226 Va. 56, 59, 307 S.E.2d 239, 240-41 (1983). Code § 46.2-943 permitted the trier of fact to conduct "an individualized assessment of a defendant's [prior traffic record] in the context of the subject offense, thereby promoting a more informed determination of sentence." Gilliam v. Commonwealth, 21 Va. App. 519, 523, 465 S.E.2d 592, 594 (1996). Code § 19.2-295.1 expanded the use of bifurcated jury trials to all trials in which the defendant is found guilty of a Class 1 misdemeanor or a felony. Code § 19.2-295.1 is a statute of more general application than Code § 46.2-943, which pertains solely to trials involving traffic offenses, including DUI.

We additionally note that the "implied repeal of an earlier statute by a later enactment is not favored," and we "assume that a legislative body, when enacting new legislation, was aware of existing laws pertaining to the same subject matter . . . ." Sexton v. Virginia Cornett, 271 Va. 251, 257, 623 S.E.2d 898, 901 (2006); see also Code § 1-239. We conclude that since the General Assembly did not expressly refer to Code § 46.2-943, a statute related to sentencing proceedings in bifurcated trials for traffic offenses, when it enacted Code § 19.2-295.1, it did not

intend to impose the Code § 19.2-295.1 notice requirements as a prerequisite for the admissibility of a defendant's prior traffic record into evidence pursuant to Code § 46.2-943.[4]

We conclude that the Code § 19.2-295.1 notice requirements do not apply to the admission of a defendant's prior traffic record into evidence pursuant to Code § 46.2-943. Accordingly, we conclude the trial court did not err by admitting appellant's DMV record into evidence.[5]

### III. Conclusion

For the foregoing reasons, we affirm appellant's conviction and sentence.

Affirmed.

---

[4] We note that the 1994 legislation enacting Code § 19.2-295.1 reflects no language by the General Assembly to amend or repeal Code § 46.2-943 by that enactment. See 1994 Acts, chs. 828, 860, 862, and 881. We also note that the General Assembly subsequently amended Code § 19.2-295.1 at its 1995, 1996, 2001, and 2007 sessions. None of the legislation enacting those amendments made reference to Code § 46.2-943.

[5] For the first time on appeal, appellant also contends the trial court erred in admitting his DMV record into evidence because it contained improper character evidence. Because this argument was not presented to the trial court, we will not consider it on appeal. See Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).