COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Coleman
Argued at Richmond, Virginia


JUSTIN SARAFIN

v.       Record No. 1753-12-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE GLEN A. HUFF
OCTOBER 8, 2013


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Paul M. Peatross, Jr., Judge Designate

David L. Heilberg (Dygert, Wright, Hobbs, & Heilberg, on briefs),
for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Justin Sarafin ("appellant") appeals his conviction of operating a motor vehicle while

under the influence of alcohol, in violation of Code § 18.2-266.  On appeal, appellant contends

that the trial court erred 1) by refusing to give his proffered jury instructions I, J, K, and L, which

he contends precisely and correctly defined what constituted "operation" and 2) by convicting

him of operating under the influence of alcohol based on a finding that he "took an action in

sequence" to activate his motor vehicle when sleeping in the driver's seat parked in his private

driveway with the key in the auxiliary position and only the radio turned on.  For the following

reasons, this Court affirms appellant's conviction.

## I.  BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc)

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

On January 20, 2011, Officer K.E. McBrearty ("McBrearty"), with the Charlottesville Police Department, received a noise complaint around 3:30 a.m.  Pursuant to the complaint, McBrearty arrived at appellant's home and discovered appellant asleep in the driver's seat of his Mercedes, which was parked in the driveway with the radio on.  McBrearty knocked several times on the window of the vehicle with her flashlight in an attempt to wake appellant up.  After appellant awoke, appellant turned the key to turn off the auxiliary power, opened the door, and stepped out of the vehicle.  When appellant stepped out of the vehicle, McBrearty smelled a strong odor of alcohol coming from his person and noticed that his eyes were bloodshot and glassy.

In response to McBrearty's questions, appellant stated that he had consumed several beers at a pub after which he drove to the "Corner" store to purchase some food.  Appellant then drove home, ate the food he had purchased, and consumed additional alcohol.  At 2:30 a.m., appellant went out to his car to listen to the radio and fell asleep.

McBrearty then asked appellant to perform a series of field sobriety tests.  Appellant was unable to successfully complete the walk-and-turn test, the one-legged stand test, and the finger-to-nose test.  Appellant, however, successfully completed the alphabet test, and was cooperative with McBrearty.  After the preliminary breath test, McBrearty arrested appellant.

On August 7, 2012, prior to trial, appellant moved the trial court to properly define the words "operate" or "operation" for the jury.  Appellant argued that based on the definition of "operation" applied in Enriquez v. Commonwealth, 283 Va. 511, 516-17, 722 S.E.2d 252, 255 (2012), he could not be convicted of driving under the influence because his vehicle was located

on a private driveway and not on a public highway. The trial court took appellant's motion under advisement.

On September 4, 2011, appellant filed a supplemental memorandum arguing that he could not be convicted of operating under the influence because he was parked in his private driveway and did not take "an action in sequence" to operate his motor vehicle or intend to activate the motive power of the vehicle.

At trial on September 12, 2012, appellant moved to strike the Commonwealth's evidence after the Commonwealth's case-in-chief, which the trial court took under advisement. Appellant then offered the testimony from his housemate, Abigail Wiebe ("Wiebe"). Wiebe testified that she heard appellant return home around 1:45 a.m., and awoke again around 3:30 a.m. to find appellant and two police officers in front of the house. Wiebe stated that the stereo in the living room had a broken volume knob, and confirmed that it was replaced a few months after the incident. A receipt of the repair was admitted into evidence. Kristin Cornwell ("Cornwell"), appellant's neighbor, also testified that she awoke around 3:00 a.m. due to the sound of music, but that she could not determine the source. Cornwell then woke again around 3:30 a.m. to the sound of McBrearty tapping her flashlight on appellant's car window. She then observed appellant's interaction with the police officers and his performance of the field sobriety tests.

Appellant then testified that he left the pub around 1:30 a.m. after drinking beer and vodka while socializing with co-workers for nearly four hours. Appellant then drove to the Corner store, purchased a sandwich, and drove home. After arriving home around 1:45 a.m., appellant stated that he had several drinks containing vodka, and then went outside to his car around 2:30 a.m. to listen to the radio. At the conclusion of the evidence, appellant renewed his motion to strike the evidence, which the trial court again took under advisement.

Prior to jury deliberations, the trial court refused appellant's proffered jury instructions I, J, K, and L, which stated the following:

[Instruction I:] **Operating – Definition**

**Operating** means driving a motor vehicle from one place to another; starting the engine; or engaging the machinery of a vehicle which alone or in sequence will activate the motive power of the vehicle without actually putting the vehicle in motion; or manipulating the electrical or mechanical equipment which alone or in sequence will activate the motive power of the vehicle without actually putting the vehicle in motion. Any individual who is in actual physical control of a vehicle on a public roadway is an operator. When the engine is not running in a private driveway, the Commonwealth must prove by direct or circumstantial evidence that the defendant specifically intended to activate the motive power of the vehicle to enter a public roadway while under the influence of alcohol.

[Instruction J:] **Private Road or Driveway – Definition**

**Private road or driveway** means every way in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons.

[Instruction K:] **Operator – Definition**

**Operator** means every person who drives or is in actual physical control of a motor vehicle on a highway.

[Instruction L:] **Highway – Definition**

**Highway** means the entire width between the boundary lines of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys, and, for law-enforcement purposes, the entire width between the boundary lines of all private roads or private streets that have been specifically designated "highways" by an ordinance adopted by the governing body of the county, city, or town in which such private roads or streets are located.

The trial court used the Commonwealth's proffered jury instruction defining operation, which provided the following:

Operating a motor vehicle means driving the vehicle from one place to another or starting the engine or manipulating the

- 4 -

electrical or mechanical equipment of the vehicle without actually putting the vehicle in motion or engaging the machinery of the vehicle which alone or in sequence will activate the motive power of the vehicle.

The trial court also gave an "elements" instruction, which stated the following:

The defendant is charged with the crime of operating a motor vehicle while under the influence of alcohol.  The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

(1)  That the defendant, Justin Sarafin, was operating a motor vehicle; and

(2)  That at the time he was under the influence of alcohol.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the crime as charged, then you shall find the defendant guilty but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt any one or more of the elements of the crime, then you shall find the defendant not guilty.

On September 17, 2012, the trial court denied appellant's motions to strike the evidence. It found that the Supreme Court did not interpret Code § 18.2-266 in Enriquez to require that an operator be on a public highway in order to be guilty of driving under the influence as the Supreme Court "was not addressing that question in Enrique[z]."  This appeal followed.

## II.  ANALYSIS

On appeal, appellant contends that the trial court erred 1) by refusing to give his proffered jury instructions I, J, K, and L, which precisely and correctly defined what constituted "operation" and 2) by convicting him of operating under the influence of alcohol based on a finding that he "took an action in sequence" to activate his motor vehicle when sleeping in the driver's seat parked in his private driveway with the key in the auxiliary position and only the radio turned on.  Both of appellant's arguments are premised on his assertion that Virginia's

- 5 -

driving under the influence statute, as interpreted in Nelson v. Commonwealth, 281 Va. 212, 707 S.E.2d 815 (2011), and Enriquez, 283 Va. at 511, 722 S.E.2d at 252, prohibits intoxicated operation of an automobile only on a public highway.

## A. Jury Instructions

Appellant first argues that the trial court erred by refusing to give his proffered jury instructions I, J, K, and L, which he contends precisely and correctly defined what constituted "operation." Specifically, appellant argues that the model jury instruction used incorrectly stated the law and that he was not operating a vehicle because he was in his car parked in his private driveway. In addition, appellant asserts that there is no proof that he intended to activate the motive power of the vehicle and drive it because he was not in actual physical control of the vehicle.

### 1. Standard of Review

"When reviewing a trial court's refusal to give a proffered jury instruction, we view the evidence in the light most favorable to the proponent of the instruction." Lawlor v. Commonwealth, 285 Va. 187, 228-29, 738 S.E.2d 847, 871 (2013). In reviewing jury instructions on appeal, "[w]e review jury instructions 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Id. at 228, 738 S.E.2d at 870 (quoting Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009)). "This is a mixed question of law and fact. It is error to give an instruction that incorrectly states the law; 'whether a jury instruction accurately states the relevant law is a question of law that we review de novo.'" Id. (quoting Orthopedic & Sports Physical Therapy Assocs., Inc. v. Summit Group Props., LLC, 283 Va. 777, 782, 724 S.E.2d 718, 721 (2012)). "A trial court has a duty when instructing the jury to define each element of the relevant offense. . . . [A]s noted above, what the elements are is a question of law." Id. at 229, 738 S.E.2d at 871.

"'[J]ury instructions are proper only if supported by the evidence,' and more than a scintilla of evidence is required." Id. at 228, 738 S.E.2d at 870-71 (quoting Orbe v. Commonwealth, 258 Va. 390, 398, 519 S.E.2d 808, 813 (1999)). In addition, "'[w]hen granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle.'" Ngomondjami v. Commonwealth, 54 Va. App. 310, 316, 678 S.E.2d 281, 284 (2009) (quoting Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (en banc)).

2. Code § 18.2-266

In the present case, appellant argues that the trial court incorrectly denied his jury instructions defining "operating," "private road or driveway," "operator," and "highway," which were accurate statements of the law, in contrast to the model jury instruction defining "operation," which he contends was vague, confusing, and no longer an accurate statement of the law.

In addressing appellant's argument, we must determine what is proscribed by Code § 18.2-266. "'[A]n issue of statutory interpretation is a pure question of law which we review de novo.'" Scott v. Commonwealth, 58 Va. App. 35, 48, 707 S.E.2d 17, 24 (2011) (alteration in original) (quoting Evans v. Evans, 280 Va. 76, 82, 695 S.E.2d 173, 176 (2010)).

> "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute."

Id. at 48-49, 707 S.E.2d at 24 (quoting Evans, 280 Va. at 82, 695 S.E.2d at 176). "Accordingly, '[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.'" Id. (alteration in orginal) (quoting Evans, 280 Va. at 82, 695

- 7 -

S.E.2d at 176). "'Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.'" Crislip v. Commonwealth, 37 Va. App. 66, 71-72, 554 S.E.2d 96, 98 (2001) (quoting Dominion Trust Co. v. Kenbridge Constr., 248 Va. 393, 396, 448 S.E.2d 659, 660 (1994)).

Furthermore, "[i]n interpreting a statute, 'the Code of Virginia constitutes a single body of law, and other sections can be looked to where the same phraseology is employed.'" Moyer v. Commonwealth, 33 Va. App. 8, 35, 531 S.E.2d 580, 593 (2000) (en banc) (quoting Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994)). In addition, "'when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails.'" Daniels v. Warden of the Red Onion State Prison, 266 Va. 399, 402-03, 588 S.E.2d 382, 384 (2003) (quoting Thomas v. Commonwealth, 244 Va. 1, 22-23, 419 S.E.2d 606, 618 (1992)). Yet, "when the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional." Zinone v. Lee's Crossing Homeowners Ass'n, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011).

Code § 18.2-266 provides, in pertinent part, that

> [i]t shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article, (ii) while such person is under the influence of alcohol, (iii) while such person is under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely, (iv) while such person is under the combined influence of alcohol and any drug or drugs to a degree which impairs his ability to drive or operate any motor

vehicle, engine or train safely, or (v) while such person has a blood concentration of any of the following substances at a level that is equal to or greater than: (a) 0.02 milligrams of cocaine per liter of blood, (b) 0.1 milligrams of methamphetamine per liter of blood, (c) 0.01 milligrams of phencyclidine per liter of blood, or (d) 0.1 milligrams of 3,4-methylenedioxymethamphetamine per liter of blood. A charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii), (iv), or (v).

For the purposes of this article, the term "motor vehicle" includes mopeds, while operated on the public highways of this Commonwealth.

In 1961, the Supreme Court noted in interpreting a county ordinance similar to Code § 18.2-266 that

[i]t has been generally held that an ordinance or statute which provides that no person shall drive or operate a motor vehicle while under the influence of intoxicants, and is silent as to the place where the offense may be committed, does not require as an element of the offense that the driving or operating shall be on a public highway.

Valentine v. Brunswick Cnty., 202 Va. 696, 698, 119 S.E.2d 486, 487 (1961).

Three years later, the Supreme Court addressed the driving under the influence statute and analyzed the word "operate" in Code § 18.1-54, now codified as Code § 18.2-266, in Gallagher v. Commonwealth, 205 Va. 666, 139 S.E.2d 37 (1964). The Supreme Court noted at the outset that the term "operate" was not defined in Code § 18.1-54, but that it was defined in Code § 46.1-1(17), now codified in Code § 46.2-100. That statute defined "operator," in part, as "'[e]very person who drives or is *in actual physical control* of a motor vehicle.'" Id. at 668, 139 S.E.2d at 39 (emphasis added). The Supreme Court then held that "the word 'operate' in § 18.1-54 is not limited to moving the vehicle from one place to another, but includes the acts of the defendant in this case in operating the mechanism of his automobile in the manner and for the purpose described above." Id. at 670, 139 S.E.2d at 40.

In 1971, the Supreme Court again addressed the issue of whether a defendant, who was parked on a public highway with the motor running and in gear and who was "slumped" over the steering wheel, was "operating" a motor vehicle pursuant to Code § 18.1-54. Nicolls v. Commonwealth, 212 Va. 257, 259, 184 S.E.2d 9, 11 (1971). It noted that in Gallagher, it had "approved [the Code § 46.1-1(17) 'operator'] definition for the purpose of determining whether one 'operates' a motor vehicle within the meaning of [Code] § 18.1-54." Id. Based on the definition in Gallagher, the Supreme Court affirmed Nicolls's conviction.

In Williams v. City of Petersburg, 216 Va. 297, 217 S.E.2d 893 (1975), the Supreme Court reiterated that

> "[o]perating" not only includes the process of moving the vehicle from one place to another, but also includes starting the engine, or manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion. It means engaging the machinery of the vehicle which alone, or in sequence, will activate the motive power of the vehicle.

216 Va. at 300, 217 S.E.2d at 896 (citing Gallagher, 205 Va. at 668-70, 139 S.E.2d at 39-40).

In addressing whether Code § 18.2-266 requires, as an element of the offense, that the driving or operating occur on a public highway in a case in which it was uncontested that the operating of the motor vehicle was on private property, this Court declined to recognize such an element, stating that "Code § 18.2-266 is 'clear, unambiguous and means what it says.'" Gray v. Commonwealth, 23 Va. App. 351, 353, 477 S.E.2d 301, 302 (1996). "Other than for the operation of a moped, the statute does not specify that the driving or operating that it criminalizes must occur on a public highway, and [this Court] decline[s] the invitation to construe the statute to impose that requirement." Id. Furthermore, this Court noted, in contravention to the preceding cases,[1] that "'Code § 18.2-266 is not a highway regulation and

_____

[1] See also Rix v. Commonwealth, 282 Va. 1, 2-3, 714 S.E.2d 561, 562 (2011) (citing Code § 46.2-100 "operator" definition in analyzing sufficiency of the evidence under Code

- 10 -

cannot be construed as part of the general codification of the State motor vehicle laws.'" Id. at 353, 477 S.E.2d at 303.

In Mitchell v. Commonwealth, 26 Va. App. 27, 492 S.E.2d 839 (1997), this Court again addressed whether an individual could be convicted under Code § 18.2-266 when operating a vehicle on privately owned property. Relying on Gray, this Court held "that public ownership of the property upon which the vehicle is driven or operated is not an element the Commonwealth must prove in a prosecution for driving in violation of Code § 18.2-266." Id. at 35, 492 S.E.2d at 843.

Three years later, citing Valentine, this Court again held that a county ordinance, similar to Code § 18.2-266, did not require that the driving or operating occur on a public highway. Reynolds v. City of Va. Beach, 31 Va. App. 629, 630-31, 525 S.E.2d 65, 66 (2000). In making this determination, this Court noted that the cases appellant relied upon did not support appellant's position "as they discuss[ed] the requirement that the person charged with the offense be the 'operator' of the vehicle," and they "referr[ed] to Code § 46.2-100 which defines operator as one 'who . . . (i) drives or is in actual physical control of a motor vehicle on a highway,'" which definition was inapplicable in Reynolds as it is "expressly applicable only to Title 46.2 and do[es] not control Title 18.2." Id. at 631, 525 S.E.2d at 66.

In 2009 in Ngomondjami, this Court analyzed whether the defendant, who was found unconscious in the driver's seat of a car with its engine running in a school parking lot, could be convicted of operating a motor vehicle without proof that he intended to put the vehicle in motion. Ngomondjami, 54 Va. App. at 314-17, 678 S.E.2d at 283-85. We held "it was not necessary that the jury find [the defendant] acted 'with the purpose of putting [a car] in motion'

§ 18.2-266); Leake v. Commonwealth, 27 Va. App. 101, 105-06, 497 S.E.2d 522, 524-25 (1998) (same); Propst v. Commonwealth, 24 Va. App. 791, 793, 485 S.E.2d 657, 658-59 (1997) (referencing Code § 46.2-100 "operator" definition to define "operator" for Code § 18.2-266 in addition to case law elaborating on the term).

- 11 -

to find he 'operated' a car within the meaning of Code § 18.2-266." Id. at 318, 678 S.E.2d at 285. In reaching this determination, this Court noted that "[a]n 'operator' of a car is defined as any person 'who either [] drives or is in actual physical control of a motor vehicle.'" Id. at 317, 678 S.E.2d at 284 (quoting Code § 46.2-100). We also noted that

> "[o]perating" a car within the meaning of Code § 18.2-266 "not only includes the process of moving the vehicle from one place to another, but also includes *starting the engine, or manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion. It means engaging the machinery of the vehicle which alone, or in sequence, will activate the motive power of the vehicle.*

Id. (quoting Stevenson v. City of Falls Church, 243 Va. 434, 438, 416 S.E.2d 435, 438 (1992)).

Two years later, the Supreme Court held in Nelson that Nelson's actions of placing the key in the ignition while parked on a cul-de-sac in a residential area and turning it to the "on or accessory position" to activate the radio "constituted 'manipulating the . . . electrical equipment of the vehicle.'" 281 Va. at 219, 707 S.E.2d at 818. The Supreme Court explained that "[m]anipulating the electrical equipment was one step between the 'off' position and the point at which the motive power would be activated." Id.

> While Nelson's action in turning the key to the "on" or "accessory" position of the ignition did not alone activate the motive power, it was an action taken "in sequence" up to the point of activation, making him the operator of the vehicle within the meaning of Code § 18.2-266.

Id.

Last year, the Supreme Court again addressed Code § 18.2-266 in Enriquez. There, Enriquez's vehicle was parked illegally in a bus stop, the radio was turned on, the key was in the ignition switch, and, although the officer could not remember if the key was in the "on" position, he was certain the radio turned off when the key was removed from the ignition. 283 Va. at 513-14, 722 S.E.2d at 253-54. In Enriquez, the Supreme Court analyzed when a person is

"operating a motor vehicle as a matter of law" and held that "the statutory definition of 'operator" [in Code § 46.2-100] is controlling and that any individual who is in actual physical control of a vehicle is an 'operator.'" Id. at 515-16, 722 S.E.2d at 255. In reaching its determination, the Supreme Court adopted the rationale of the dissenting opinion in Stevenson, which had been decided by a vote of four to three, and cited the following statement:

> "Ordinary experience tells us that one in a drunken stupor in the driver's seat of a vehicle is likely to arouse abruptly, engage the motive power of the vehicle, and roar away imperiling the lives of innocent citizens. This sequence of events easily can occur where, as here, a drunk is sitting behind the steering wheel of a motor vehicle alone, with the key already in the ignition. From a mechanical standpoint, the vehicle is capable of being immediately placed in motion to become a menace to the public, and to its drunken operator."

Enriquez, 283 Va. at 516, 722 S.E.2d at 255 (quoting Stevenson, 243 Va. at 439-40, 416 S.E.2d at 438-39 (Compton, J., dissenting)).

The Supreme Court then held that "in discerning whether an intoxicated person seated behind the steering wheel of a motor vehicle on a public roadway with the key inserted into the ignition switch of the vehicle is in actual physical control of the vehicle, the position of the key in the ignition switch is not determinative." Id. The Supreme Court concluded by "establish[ing] the rule that when an intoxicated person is seated behind the steering wheel of a motor vehicle on a public highway and the key is in the ignition switch, he is in actual physical control of the vehicle and, therefore, is guilty of operating the vehicle under the influence of alcohol within the meaning of Code § 18.2-266." Id. at 517, 722 S.E.2d at 255.

Contrary to appellant's assertions, the Supreme Court did not add the requirement that a vehicle be on a public roadway to the elements of the offense in Code § 18.2-266 in Enriquez. Rather, the references to being "on a public roadway" and Code § 46.2-100 were merely *dictum* as the issue in Enriquez was "the proper considerations in determining whether a person is

- 13 -

operating a motor vehicle." Id. at 515, 722 S.E.2d at 255; see Simon v. Commonwealth, 58 Va. App. 194, 201, 708 S.E.2d 245, 248-49 (2011) (defining *dictum* as language that is unnecessary to the disposition of a case and therefore cannot serve as binding precedent). This conclusion is bolstered by the myriad of Supreme Court and Court of Appeals cases cited above that unequivocally hold Code § 18.2-266 does not require that the driving or operating of the motor vehicle occur on a public highway.[2] For example, in Enriquez, the Supreme Court neither mentioned nor overruled its decision in Valentine, where it held that when a driving under the influence statute is "silent as to the place where the offense may be committed," there is no requirement that the offense occur "on a public highway." Valentine, 202 Va. at 698, 119 S.E.2d at 487. In addition, the Supreme Court's use of the terminology "on a highway" in Enriquez was merely a recitation of the facts in that case as Enriquez was located on a highway when he was operating the vehicle. Thus, the additional language of "on a public highway" is non-binding *dictum*.

Moreover, the general provisions defining "operator" in Code § 46.2-100 do not prevail over the specific provisions of Code § 18.2-266. See Daniels, 266 Va. at 402, 588 S.E.2d at 384 ("'[W]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails.'" (quoting Thomas v. Commonwealth, 244 Va. 1, 22-23, 419 S.E.2d 606, 618 (1992))). Furthermore, the legislature could have included "on a public highway" language in Code § 18.2-266 as it did in Code § 18.2-268.2 (implied consent statute) and Code § 18.2-323.1 (consuming an alcoholic beverage while driving). Mitchell, 26 Va. App.

---

[2] Furthermore, in Enriquez, neither the defendant nor the Commonwealth argued on brief whether the defendant needed to be on "a public highway" to be operating a vehicle for the purposes of Code § 18.2-266. This further supports our conclusion that the Supreme Court's mention of "on a public highway" was merely a recitation of the facts of that case and is therefore non-binding *dictum*.

- 14 -

at 34, 492 S.E.2d at 842 ("Unlike Code § 18.2-268.2, which applies only when a person operates a motor vehicle on a highway, Code § 18.2-266 is generally silent as to the place where the offense may be committed.").

The legislature, however, chose not to do so, and this Court should presume that this choice was intentional. See Zinone, 282 Va. at 337, 714 S.E.2d at 925 ("[W]hen the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional."). This presumption is further supported by the introductory language of Code § 46.2-100, which provides that the definition of "operator" is intended "for the purposes of [Title 46.2]."

In the present case, the trial court properly refused appellant's proffered jury instructions as they were not an accurate statement of the law. Nothing in the plain language of the statute requires that a motor vehicle other than a moped be located on a public highway in order to constitute a violation of the statute proscribing operating a motor vehicle while intoxicated. Nor does the statute require that an individual intends to drive the vehicle. In addition, case law establishes that being on a public highway is not a required element of Code § 18.2-266.

Appellant's proffered "operating" instruction improperly stated that "[a]ny individual who is in actual physical control of a vehicle on a public roadway is an operator." It went even further and incorrectly stated, in contravention to this Court's holding in Ngomondjami, 54 Va. App. at 317-18, 678 S.E.2d at 285, that "[w]hen the engine is not running in a private driveway, the Commonwealth must prove by direct or circumstantial evidence that the defendant specifically intended to activate the motive power of the vehicle to enter a public roadway while under the influence of alcohol." Appellant's "operator" instruction also improperly stated that "[o]perator means every person who drives or is in actual physical control of a motor vehicle on

- 15 -

a highway." Accordingly, we hold that the trial court did not err in refusing to grant appellant's proffered jury instructions as they inaccurately stated the law.[3]

Furthermore, appellant's argument that the given instruction was vague and confusing is inaccurate. The instruction accurately stated the law, as set forth above, and gave appropriate examples of how an individual operates a motor vehicle for purposes of Code § 18.2-266. Accordingly, we hold that the trial court did not err because the "operation" instruction was accurate and was not vague and confusing.

### B. Sufficiency of the Evidence

Appellant next contends that the trial court erred by convicting him of operating under the influence of alcohol in finding that he "took an action in sequence" to activate his motor vehicle when sleeping in the driver's seat parked in his private driveway with the key in the auxiliary position and only the radio turned on. Appellant, however, bases this argument on his assertion that he cannot be convicted of violating Code § 18.2-266 because he was parked on a private driveway and not on a public roadway.

### 1. Standard of Review

In a challenge to the sufficiency of the evidence, "we 'presume the judgment of the trial court to be correct,' and 'will not set it aside unless it is plainly wrong or without evidence to support it.'" Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (quoting Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992); Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986)). The reviewing court, under this standard, asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

---

[3] Although the "operating" model jury instruction was modified to incorporate "on a public roadway" after the conclusion of appellant's trial, see Va. Model Jury Instructions: Criminal No. 21.250 (2012), the language of that instruction is not binding on this Court and is at odds with our determination that the additional language in Enriquez is *dicta*.

## 2. Code § 18.2-266

Code § 18.2-266 provides, in pertinent part, that "[i]t shall be unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol . . . ."

As noted above, "public ownership of the property upon which the vehicle is driven or operated is not an element the Commonwealth must prove in a prosecution for driving [or operating] in violation of Code § 18.2-266."[4] Mitchell, 26 Va. App. at 35-36, 492 S.E.2d at 843. In addition, "when an intoxicated person is seated behind the steering wheel of a motor vehicle . . . and the key is in the ignition switch, he is in actual physical control of the vehicle, and therefore, is guilty of operating the vehicle while under the influence of alcohol within the meaning of Code § 18.2-266." Enriquez, 283 Va. at 517, 722 S.E.2d at 255. "In discerning whether an intoxicated person seated behind the steering wheel of a motor vehicle . . . with the key inserted into the ignition switch of the vehicle is in actual physical control of the vehicle, the position of the key in the ignition switch is not determinative." Id. at 516, 722 S.E.2d at 255.

The evidence at trial established beyond a reasonable doubt that appellant was seated behind the steering wheel of his motor vehicle, that he was intoxicated, and that the key was in the ignition switch of the vehicle in the auxiliary position. Accordingly, we hold that the trial court did not err in holding the evidence was sufficient to convict appellant of operating a motor vehicle while under the influence of alcohol.

## III. CONCLUSION

Based on the foregoing, we hold that the trial court did not err in denying appellant's proffered jury instructions I, J, K, and L, and in finding the evidence was sufficient to convict

---

[4] Appellant argued that none of the other cases in which the courts have addressed Code § 18.2-266 involved private driveways. There are, however, cases that involved private driveways. See Valentine, 202 Va. at 697, 119 S.E.2d at 487 (private lane or driveway); Mitchell, 26 Va. App. at 29, 492 S.E.2d at 839 (privately-owned mobile home complex); Gray, 23 Va. App. at 352, 477 S.E.2d at 302 (privately owned parking lot).

appellant of operating a motor vehicle while under the influence of alcohol.  Accordingly, we affirm the appellant's conviction.

<u>Affirmed</u>.