## Richmond

HERMAN VALENTINE v. COUNTY OF BRUNSWICK.

April 24, 1961.

Record No. 5229.

Present, All the Justices.

The opinion states the case.

*John D. Epperly* and *W. Henry Cook* (*Broaddus, Epperly and Broaddus*, on brief), for the plaintiff in error.

*Thomas E. Warriner, Jr.* (*Warriner and Warriner*, on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

■ The defendant, Herman Valentine, was convicted in the county court of Brunswick county on a warrant charging him with the violation of a county ordinance prohibiting the operation of a motor vehicle while under the influence of intoxicants. On appeal to the circuit court trial by jury was waived and the court found the defendant guilty of the offense charged. From this judgment we granted a writ of error.

The county moved to dismiss this appeal because the defendant violated Rules 5:1, § 3(e) and (f), and 5:1, § 6(b), (e) and (f) of the Rules of Court in preparing the record and designating the parts to be printed. The record shows that the county exercised its right under the Rules by designating for printing the corrected narrative statement of the evidence, and it concedes that the printed record contains all that is germane to the question to be decided. Hence, the motion to dismiss is overruled. *Collins* v. *Pulaski County*, 201 Va. 164, 166, 110 S. E. 2d 184, 185.

■ The defendant contends that the court erred in finding him guilty of the offense charged because he operated his truck upon a private lane or farm road and not upon a public highway.

The evidence and the stipulation entered into between the defendant and the county show that the defendant did on December 18, 1959, in the county of Brunswick, Virginia, operate his motor vehicle while under the influence of intoxicants upon a private lane or driveway on the premises of one George J. Pierce and not upon a public highway. Thus, the sole question presented is whether or not the defendant violated the county ordinance in driving or operating his motor vehicle, while under the influence of intoxicants, on a private lane or driveway.

The county ordinance parallels and is substantially in the same language as § 18-75[1], Code of 1950, as amended, (the State statute making it unlawful to operate a motor vehicle while intoxicated) and reads as follows:

"That the driving or operation of any motor vehicle, engine, or train, in the County of Brunswick, by any person, while under the influence of alcohol, brandy, rum, whiskey, gin, wine, beer, lager beer, ale, porter, stout or any other liquid beverage or article containing alcohol, or while under the influence of any other self-administered intoxicant or drug of whatsoever nature is hereby prohibited, and it shall be unlawful for any person to drive or operate

---

[1] Now § 18.1-54, Code of 1950, 1960 Replacement Volume.

any motor vehicle, engine or train in the County of Brunswick while under the influence of such liquid, beverage, article, intoxicant or drug."

The defendant says that neither the county ordinance nor the State statute mentions operation upon a public highway as an element of the offense, but that under our holding in *Prillaman* v. *Commonwealth*, 199 Va. 401, 100 S. E. 2d 4, the defendant cannot be found guilty of the offense charged unless the driving or operating of the vehicle was done upon a public highway.

In the *Prillaman* case, *supra*, the defendant's license to operate a motor vehicle on the highway had been suspended and during the period of such suspension he drove his automobile wholly on the private property of a filling station operator. We held that the defendant did not violate Code § 46-347.2[2] (or § 46-347.1, now § 46.1-350, as amended, 1958 Replacement Volume); that the operation forbidden, although the statutes are silent on the point, is on a public highway, because the statutes must be considered as a part of the general codification of the motor vehicle laws; and that driving on the service station property was not driving on a public highway.

The *Prillaman* case has no application to the case at bar, and there is no merit in the argument of the defendant. We are not dealing here with a case of one driving a motor vehicle on private property while his license to drive on a public highway (granted under § 46.1-349, Code of 1950, as amended, 1958 Replacement Volume) has been suspended by the commissioner of the Division of Motor Vehicles, but with the violation of a county ordinance prohibiting one from driving or operating a motor vehicle anywhere in Brunswick county, whether it be on a highway or private property, while under the influence of intoxicants. The ordinance is not a highway regulation and cannot be construed as part of the general codification of the State motor vehicle laws. The county's authority to enact such an ordinance is found in § 15-553, Code of 1950.

It has been generally held that an ordinance or statute which provides that no person shall drive or operate a motor vehicle while under the influence of intoxicants, and is silent as to the place where the offense may be committed, does not require as an element of the offense that the driving or operating shall be on a public highway. *State* v. *Pike*, 312 Mo. 27, 278 S. W. 725, 726; *State* v. *Dowling*, 204 Iowa 977, 216 N. W. 271; *People* v. *Rue*, 166 Misc. 845, 2 N. Y. S.

---

[2] Repealed, Acts of Assembly, 1958, ch. 541, pp. 685, 763.

2d 939; 5A Am. Jur., Automobiles and Highway Traffic, § 1165, p. 980; 61 C. J. S., Motor Vehicles, § 629, pp. 721, 722; Annotations in 49 A. L. R., p. 1394, and 80 A. L. R., p. 470; Opinions of the Attorney General of Virginia from July 1, 1950, to June 30, 1951, at p. 198; 8 Vanderbilt Law Review, pp. 893, 894. See also *State* v. *Gallagher*, 102 N. H. 335, 156 A. 2d 765, 767-768; *State* v. *Harold*, 74 Ariz. 210, 246 P. 2d 178, 181-182.

The county ordinance is clear, unambiguous and means what it says. It applies to anyone driving or operating a motor vehicle, engine or train while under the influence of intoxicants anywhere in the county of Brunswick, whether on a public highway or private property. It does not specify that such driving or operating must occur on a highway.

For the reasons given, the judgment of the court below is

*Affirmed.*