## CIRCUIT COURT OF FREDERICK COUNTY

Commonwealth of Virginia

v.

Grover Franklin Conner

October 27, 1975

By JUDGE ROBERT K. WOLTZ

The defendant was convicted in the Frederick County General District Court of operating a motor vehicle while under the influence of intoxicants on May 4, 1975. He appealed to this court, and on an agreed statement of facts, the case is submitted to the court for decision on a question of law.

The agreed facts are as follows. The defendant while under the influence of intoxicants did on a motel parking lot located in Frederick County drive an automobile. The motel parking lot is located adjacent to a public highway, is privately owned, but is open to the public. The defendant at no time was observed driving on the highway.

The point for decision is this: can the defendant be convicted of a violation of § 18.1-54, Code 1950, as amended, when his operation or driving of the motor vehicle while under the influence of intoxicants took place on privately owned property and not on a public highway?

Section 18.1-54 falls in the title of the Code embracing criminal offenses generally, and not within the title of the Code dealing with motor vehicle laws, regulations and offenses. The statute does not make any reference to public highways. The elements of the offense under the statute are the operation or driving of a motor vehicle and being under the influence of intoxicants at the time of such operation or driving. *Clemmer v. Commonwealth*, 208 Va. 661 (1968); *Nichols v. Commonwealth*, 212 Va. 257 (1971). In neither of those cases is such operation on

a public highway made an element necessary for conviction under § 18.1-54.

In *Valentine v. County of Brunswick*, 202 Va. 696 (1961), the defendant operated a motor vehicle while under the influence of intoxicants on a private lane, and his conviction under a county ordinance substantially in the language of § 18.1-54 (at the time § 18-75) was affirmed. The ordinance involved forbade such operation "in the County of Brunswick." At page 698, the court stated: "It has been generally held that an ordinance or statute which provides that no person shall drive or operate a motor vehicle while under the influence of intoxicants, and is silent as to the place where the offense may be committed, does not require as an element of the offense that the driving or operating shall be on a public highway." (Citations omitted.)

In the case at bar, the implication of the defendant's argument is that the conviction in *Valentine* was upheld because the ordinance included the words "in the County of Brunswick," but that since "in the Commonwealth of Virginia" does not appear in § 18.1-54, the strictures of the statute against driving under the influence extend only to the public highways. This is a distinction without substance or merit. (In *Williams v. City of Petersburg*, 216 Va. 297, decided September 5, 1975, in a similar prosecution under a city ordinance where the operation of the vehicle was on a parking lot not shown by the evidence to be either public or private, in a footnote the distinction was held not to be relevant because the ordinance prohibited the offensive conduct "in the city.")

It would be an anomaly of large proportions if a statute of the sovereign were required to be more restrictively applied than ordinances of its political dependencies, when the authority of those dependencies to legislate on the specific subject here involved derives from an express grant of such authority (*see* § 15.1-132, Code Repl. Vol.) from that same sovereign.

For the foregoing reasons, it is my opinion that Section 18.1-54 includes within its scope the forbidden motor vehicle operation, whether such operation be on a public highway or on private property.