857 F.2d 1470
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerett JONES, Defendant-Appellant.
 No. 88-5586.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 29, 1988.
Decided: Sept. 6, 1988.
Order Dec. 19, 1988.
 
 ORDER
 DONALD RUSSELL, Circuit Judge.
 
 
 1
 In our opinion of September 6, 1988 in this case, we affirmed the defendant's conviction and the sentence imposed except for the imposition of a $25 special assessment, imposed under 18 U.S.C. Sec. 3013. We found such assessment to be improper under our decision in United States v. King, 824 F.2d 313 (4th Cir. 1987). We, however, overlooked that the application of King had been made inapplicable by an amendment to Section 3013 enacted by Congress in December, 1987, prior to the commission of the defendant's offense and prior to the trial herein. Our prior opinion is, therefore, amended by the deletion of the vacation of the imposition of such assessment as a part of the defendant's sentence under the authority of King in our original decision herein and by providing instead that the imposition of the special assessment by the district court be affirmed.
 
 
 2
 SO ORDERED, with the approval of Judge Hall and Judge Wilkinson, this 14 day of December, 1988.
 
 
 3
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (C/R-88-112-A)
 
 
 4
 Gerett Jones, appellant pro se.
 
 
 5
 Michael Charles Doyen (Office of the United States Attorney), for appellee.
 
 
 6
 Before DONALD RUSSELL, K.K. HALL and WILKINSON, Circuit Judges.
 
 PER CURIAM:
 
 7
 Gerett Jones was convicted of driving while intoxicated in violation of 18 U.S.C. Sec. 13 (assimilating Va.Code Ann. Sec. 18.2-266). Jones was fined $150, a special assessment of $25 was imposed pursuant to 18 U.S.C. Sec. 3013, and his drivers license was suspended for a six-month period. On appeal Jones contends that the evidence was insufficient to support his conviction. Although we affirm the conviction, the fine, and the license suspension, we vacate the imposition of the special assessment.
 
 
 8
 A conviction will not be reversed based upon an insufficiency of the evidence claim unless, viewing the evidence in the light most favorable to the government, no rational trier of fact could find the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60 (1942). In assessing such a claim "we must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 9
 The evidence adduced at Jones's trial clearly established that Jones was driving a motor vehicle while intoxicated. Jones was stopped after he was observed proceeding the wrong way on a one-way road; he failed three field sobriety tests, had bloodshot eyes and slurred speech, and admitted to being under the influence of alcohol to an officer. Additionally, Jones had, just prior to being stopped, entered the parking lot from Virginia's public highways, and had consumed the alcohol prior to the time that he arrived at the NCO club at Fort Belvoir. We find no merit in Jones's claim that he could not be convicted of driving under the influence because the Virginia drunk driving statute did not apply to drunk driving on a parking lot and he was arrested on a parking lot. See Valentine v. County of Brunswick, 202 Va. 696, 119 S.E.2d 486 (1961) (conviction for operation of motor vehicle on private driveway while under influence of alcohol affirmed); Williams v. City of Petersburg, 216 Va. 297, 217 S.E.2d 893 (1975) (conviction for operation of motor vehicle on parking lot while under the influence of alcohol affirmed).
 
 
 10
 We vacate the imposition of the special assessment, however, because Virginia law would not subject Jones to a similar assessment. In United States v. King, 824 U.S. 313 (4th Cir.1987), we held that the special assessment for the Crime Victims Fund, collected pursuant to 18 U.S.C. Sec. 3013 could not be imposed on a defendant convicted under the Assimilative Crimes Act, unless the defendant would be subject to a similar assessment if convicted of the same offense in a state court. King, 824 U.S. at 315. See United States v. Robertson, 638 F.Supp. 1202 (E.D.Va.1986) (no punishment exists in Virginia for drunk driving offenses similar to the special assessments provided under Sec. 3013).
 
 
 11
 Accordingly, we affirm the conviction, the $150 fine, and the drivers license suspension. We vacate the special assessment of $25 and remand the case for modification of the judgment. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 12
 AFFIRMED IN PART, VACATED IN PART, and REMANDED.