COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Coleman and Elder
Argued at Salem, Virginia


SHIRLEY LOUISE GRAY
                                                OPINION
v.        Record No. 2767-95-3     BY JUDGE JOSEPH E. BAKER
                                        NOVEMBER 5, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                  Diane McQ. Strickland, Judge

          Randy V. Cargill (Magee, Foster, Goldstein &
          Sayers, on brief), for appellant.

          Steven A. Witmer, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Shirley Louise Gray (appellant) appeals from the judgment of
the Circuit Court of the City of Roanoke (trial court) that
approved her jury trial conviction of driving while under the
influence of alcohol in violation of Code § 18.2-266.  On appeal,
appellant does not challenge the sufficiency of the evidence to
prove that she was intoxicated but argues that her conviction
must be reversed because Code § 18.2-266 does not apply to
driving on private property in Virginia while under the influence
of alcohol.  We disagree.

     The facts are not contested.  On June 11, 1995, at
approximately 1:15 a.m., in the City of Roanoke, appellant
operated her motor vehicle, while under the influence of alcohol,
upon a privately owned parking lot.  Appellant was arrested by
Officer E. J. Barlow of the Roanoke City Police Department.

Code § 18.2-266 provides, in pertinent part, as follows:

> It shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent . . . (ii) while such person is under the influence of alcohol . . . .
>
> For the purposes of this section the term "<u>motor vehicle</u>" includes mopeds, while operated on the public highways of this Commonwealth.

Except for the operation of <u>mopeds</u>, Code § 18.2-266 contains no language restricting its application to one who "drive[s]" or "operate[s]" his or her motor vehicle on a public highway. In <u>Valentine v. Brunswick County</u>, 202 Va. 696, 119 S.E.2d 486 (1961), the Supreme Court interpreted a county ordinance which prohibited driving in Brunswick County while under the influence of intoxicants. That ordinance made it illegal to drive under the influence "anywhere in the county of Brunswick" and contained no language limiting the offense to driving on the public highways. In interpreting the ordinance, the Court held that,

> an ordinance or statute which provides that no person shall drive or operate a motor vehicle while under the influence of intoxicants, <u>and is silent as to the place where the offense may be committed, does not require as an element of the offense that the driving or operating shall be on a public highway</u>.

<u>Id.</u> at 698, 119 S.E.2d at 487 (emphasis added) (citations omitted). In so holding, the Court further noted that,

> [t]he county ordinance is clear, unambiguous and means what it says. It applies to anyone driving or operating a

> motor vehicle . . . while under the influence
> of intoxicants anywhere in the county of
> Brunswick, whether on a public highway or
> private property.  It does not specify that
> such driving or operating must occur on a
> highway.

Id. at 699, 119 S.E.2d at 488.

The reasoning of Valentine applies here.  Code § 18.2-266 is "clear, unambiguous and means what it says."  Other than for the operation of a moped, the statute does not specify that the driving or operating that it criminalizes must occur on a public highway, and we decline the invitation to construe the statute to impose that requirement.

For the reasons stated in Valentine, appellant's reliance upon Prillaman v. Commonwealth, 199 Va. 401, 100 S.E.2d 4 (1957), is misplaced.  See Valentine, 202 Va. at 698, 119 S.E.2d at 487.  Code § 18.2-266 "is not a highway regulation and cannot be construed as part of the general codification of the State motor vehicle laws."  Id.  Therefore, Prillaman has no application here.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.