## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Adalberto Perez

February 19, 1997

Case No. (Misd.) 006640

By Judge Jane Marum Roush

This matter came on for trial without a jury on January 30, 1997. The defendant, Adalberto Perez, is charged with a violation of Va. Code § 18.2-266, driving while intoxicated, a third or subsequent offense within five years. At the conclusion of the trial, counsel requested and was granted leave to brief some of the issues that arose in trial. The Court has now had the opportunity fully to consider the testimony of the witnesses, the defense counsel's brief, the arguments of counsel, and the authorities cited. For the reasons stated below, the Court finds the defendant guilty as charged.

### Facts

Officer P. H. Feigleson of the Fairfax County Police Department testified that at about 2:30 a.m. to 2:45 a.m. on September 29, 1996, he was on duty and driving his cruiser on Route 1 in Fairfax County when he noticed emergency equipment responding to the El Tropico Bar. He stopped to render assistance. The fire department had received a report of a sleeping or unconscious man in a parked car who was not responding to the efforts of passersby to rouse him. The officer observed the defendant, Mr. Perez, in the driver's seat of a 1986 Pontiac, slumped over the steering wheel. The keys were in the ignition, and the motor was running. The doors of the car were locked. The defendant did not respond to the efforts of the fire department to

wake him. Suddenly, the defendant sat up and put his hands on the steering wheel. Spectators started screaming in fear that the defendant would attempt to drive away. The fire department eventually extracted the defendant from the car.

Officer Feigleson asked the defendant if he had been drinking. The defendant admitted that he had been drinking. The officer detected a "heavy odor of alcohol" emanating from the defendant. The defendant was unstable on his feet and appeared "intoxicated and groggy" to the officer. Officer Feigleson administered two field sobriety tests, the "heel to toe" test and the "one leg stand" test. The defendant performed poorly on both tests. The officer discontinued testing because of the defendant's inability to perform further field sobriety tests. An alcosensor test was administered, and the defendant was arrested within two hours. The police officer advised the defendant of the requirements of the "implied consent" law, Va. Code Ann. § 18.2-268.1, and the defendant took a breath test. The certificate of analysis was admitted into evidence at trial over the defendant's objection.

A friend of the defendant, Alexis Avila, testified on behalf of the defendant that he, not the defendant, drove the 1986 Pontiac on the night in question. He testified further that he and the defendant went to the El Tropico together that evening, that the defendant had been drinking and was drunk, but that Mr. Avila had not had anything to drink. According to Mr. Avila, the defendant wanted to leave the bar between 1:30 a.m. and 2:00 a.m. Mr. Avila was not ready to leave. Mr. Avila testified that he put the defendant in the car and started the car running in order to heat up the car. He left the defendant in the driver's seat because he did not want anyone to steal the car, which Mr. Avila had borrowed from a friend.

### Issues Presented

The issues presented by this case are (1) whether the certificate of analysis is admissible in evidence, (2) whether there is sufficient evidence of intoxication of the defendant, and (3) whether the defendant was "operating" a motor vehicle within the meaning of Code § 18.2-266.

### Certificate of Analysis

The Court concludes that it erred in admitting the Certificate of Analysis in evidence at trial. The defendant consented to the breath test after being read the "implied consent" law. Code § 18.2-268.2. See also Defendant's Ex. No. 1. The implied consent law is applicable to anyone who "operates a motor

vehicle on a highway, as defined in § 46.2-100." In this case, the Court finds that the parking lot in question was not a highway as defined in Code § 46.2-100. It was, instead, a private parking lot.[1] Therefore, the implied consent law has no applicability, and the defendant is not deemed to have consented to the breath test thereunder. See *Thomas v. Town of Marion*, 226 Va. 251, 465 S.E.2d 120 (1983). Accordingly, the Court reverses its ruling on the admissibility of the certificate of analysis and will not consider that certificate in ruling in this case.

## Evidence of Intoxication

Even without the certificate of analysis, however, the Court concludes that the Commonwealth has proven beyond a reasonable doubt that the defendant was under the influence of alcohol. See Code § 18.2-268.10. The defendant was slumped over the steering wheel, was difficult to arouse, and later awoke to a stupor. The arresting officer noticed a "heavy odor of alcohol" emanating from the defendant. The defendant admitted he had been drinking. The defendant was extremely unstable on his feet to the extent that he was unable to complete the field sobriety tests, and he performed poorly on the two tests that were administered. The police officer testified without objection that the defendant "looked intoxicated." Defendant's own witness testified that the defendant was "drunk." As the finder of fact, the Court concludes that the Commonwealth proved the defendant's intoxication beyond a reasonable doubt in the absence of the certificate of analysis.

## Operation of Motor Vehicle

The defendant argues that the defendant did not "drive or operate" a motor vehicle within the meaning of Code § 18.2-266.[2] In *Williams v. City of Petersburg*, 216 Va. 297, 217 S.E.2d 893 (1975), the Virginia Supreme Court defined operating a motor vehicle as follows:

---

[1] At trial, the defendant was found not guilty of driving on a revoked or suspended license, in violation of Code § 46.2-301 because the defendant was not driving on a public highway. *Prillaman v. Commonwealth*, 199 Va. 401, 100 S.E.2d 4 (1957).

[2] The fact that the defendant was on private property is not a defense to a driving while intoxicated charge under Code § 18.2-266. *Gray v. Commonwealth*, 23 Va. App. 351 (1996); *Valentine v. Brunswick County*, 202 Va. 696, 119 S.E.2d 486 (1961).

"Operating" not only includes the process of moving the vehicle from one place to another, but also includes starting the engine, or manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion. It means engaging the machinery of the vehicle which alone, or in sequence, will activate the motive power of the vehicle.

216 Va. at 297. See also Code § 46.2-100. In *Williams*, the Court concluded on facts remarkably similar to the facts of this case, that the defendant was operating a motor vehicle within the meaning of Code § 18.2-266 when he "was in actual physical control of the vehicle" and "had engaged the machinery of the vehicle which alone, or in sequence, would have activated its motive power." *Id.* at 301.

In *Williams*, the defendant, upon being aroused, "made a motion to the gearshift" of the vehicle. In this case, the defendant Perez put his hands on the steering wheel of the car when he was roused. According to Officer Feigleson, that movement caused the crowd of spectators that had gathered around the car to scream in apparent fear that the defendant intended to drive away. In *Williams*, unlike this case, the defendant admitted to turning on the ignition of the car in order to get warm. In this case, Mr. Avila testified that he, not the defendant Perez, actually turned on the engine of the car to ward off the chill of a September evening. The Court places little credence on Mr. Avila's version of the events. The Court finds that there is sufficient circumstantial evidence for it to conclude, beyond a reasonable doubt, that Mr. Perez was operating a motor vehicle in violation of Code § 18.2-266.

For the foregoing reasons, the defendant is found guilty as charged in the warrant with driving while intoxicated in violation of Code § 18.2-266. The defendant and his counsel are directed to appear in my Court on March 21, 1997, at 2:00 p.m. for sentencing.