Present: All the Justices

JUSTIN SARAFIN

v. Record No. 131747      OPINION BY JUSTICE DONALD W. LEMONS
                                    October 31, 2014
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this opinion we consider the definition of "operate" and whether such operation must be "on a highway" to sustain a conviction for driving under the influence pursuant to Code § 18.2-266.

I.  Facts and Proceedings Below

On January 20, 2011, Officer K.E. McBrearty of the Charlottesville Police Department responded to a noise complaint at 1001 Page Street in Charlottesville.  When Officer McBrearty arrived at the scene, she observed Justin Sarafin ("Sarafin") sitting in the driver's seat of his vehicle, which was parked in his private driveway.  Sarafin was asleep – although the key was in the ignition and was turned backward to activate the vehicle's auxiliary power.  McBrearty knocked on the window and Sarafin awoke, turned off the vehicle's auxiliary power, and exited the vehicle.

Once Sarafin was outside the vehicle, McBrearty smelled alcohol and noticed his eyes were bloodshot and glassy.  She questioned Sarafin about his activities that evening, and he admitted to consuming several beers at a local pub, picking up

dinner at a different location, driving home, consuming more alcohol, and then returning to his vehicle to listen to the radio. Sarafin stated he never intended to leave his driveway and, in fact, had fallen asleep around 2:30 a.m. while listening to music.

Officer McBrearty administered several field sobriety tests. Sarafin failed three out of five. Officer McBrearty also administered a preliminary breath test and, based on those results, arrested Sarafin for operating a vehicle under the influence of alcohol in violation of Code § 18.2-266.

Sarafin's first trial in the Circuit Court for the City of Charlottesville ("circuit court") resulted in a hung jury. Prior to his second trial, Sarafin filed a motion requesting a determination of the legal definition of "operate" and "operation." He then filed a pretrial "motion to strike," arguing he could not be convicted under Code § 18.2-266 because he was on private property and, alternatively, there was no evidence that he ever intended to activate the motive power of the vehicle. The circuit court never addressed Sarafin's pre-trial motions, and the case proceeded to trial.

Following the Commonwealth's case-in-chief, Sarafin moved to strike the evidence. The circuit court took this motion under advisement. Sarafin presented several witnesses, testified on his own behalf and renewed his motion to strike

which the circuit court again took under advisement.  He then proposed jury instructions I, J, K and L.[1]  The circuit court refused Sarafin's instructions and granted the Commonwealth's Instruction 6 over his objections.

The jury returned a guilty verdict and affixed punishment at a $500 fine.  In its conviction order dated November 7, 2012, the circuit court imposed the jury's verdict and, in addition, revoked Sarafin's operator's license for 12 months.[2]

Sarafin appealed his conviction to the Court of Appeals of Virginia, arguing that there was insufficient evidence to convict him of violating Code § 18.2-266 because he was not "operating" the vehicle on a highway, and that the circuit court erred by refusing his jury instructions.  In its published opinion, Sarafin v. Commonwealth, 62 Va. App. 385, 748 S.E.2d 641 (2013), the Court of Appeals affirmed Sarafin's conviction.

---

[1] Sarafin also proposed an alternative version of Instruction I, designated as Instruction I(A), which was refused.  None of his assignments of error specifically address the refusal to give this instruction, focusing instead on Instructions I, J, K, and L.  Accordingly, Instruction I(A) is not before us.  Rule 5:17(c)(1)(i)("Only assignments of error assigned in the petition for appeal will be noticed by this Court.").

[2] The circuit court suspended $250 of Sarafin's fine, conditioned upon successful completion of the Virginia Alcohol Safety Action Program.

The Court of Appeals held that under this Court's precedents, Sarafin had actual physical control of the vehicle and was therefore "operating" his vehicle within the meaning of Code § 18.2-266. Sarafin, 62 Va. App. at 393-402, 748 S.E.2d at 645-49 (citing Enriquez v. Commonwealth, 283 Va. 511, 516-17, 722 S.E.2d 252, 255 (2012)). Citing some of its earlier decisions, the Court of Appeals held that "public ownership of the property upon which the vehicle is driven or operated is not an element the Commonwealth must prove in a prosecution for driving in violation of Code § 18.2-266." Id. at 398, 748 S.E.2d at 647 (quoting Mitchell v. Commonwealth, 26 Va. App. 27, 35, 492 S.E.2d 839, 843 (1997)(citing Gray v. Commonwealth, 23 Va. App. 351, 353, 477 S.E.2d 301, 302-03 (1996)). The Court of Appeals concluded that any reference to "on a highway" in Enriquez, 283 Va. at 516-17, 722 S.E.2d at 255, was dicta. Sarafin, 62 Va. App. at 400-01, 748 S.E.2d at 648. Based on these definitional holdings, the Court of Appeals affirmed the circuit court's refusal of Sarafin's proffered jury instructions. Id. at 402-03, 748 S.E.2d at 649.

Sarafin appealed the judgment of the Court of Appeals to this Court, and we awarded an appeal on the following assignments of error:

4

1. The Virginia Court of Appeals erred by permitting the trial court to find that Justin Sarafin ("Sarafin") was in physical control of his vehicle and thereby that he was its "operator" while asleep with only his car radio playing while parked on his private property.

   a. The Virginia Court of Appeals erred by finding that these facts were sufficient to support the trial court's conviction.

2. The Virginia Court of Appeals erred in construing Va. Code § 18.2-266 to allow conviction for "operation" on private property.

3. The Virginia Court of Appeals erred by not requiring the trial court to give any or all of Instructions I, J, K and L offered by Sarafin that precisely and correctly defined what constituted "operation" to the jury.

## II.  Analysis

### A. Standard of Review

Assignments of error 1 and 2 require us to interpret the meaning of "operate [a] motor vehicle" as used in Code § 18.2-266 and whether "operation" on private property is within the scope of the statute.  Questions of statutory interpretation are reviewed de novo.  Belew v. Commonwealth, 284 Va. 173, 177, 726 S.E.2d 257, 259 (2012).  Whether Sarafin operated his vehicle in a manner which violated Code § 18.2-266 is a mixed question of law and fact which is reviewed de novo.  Nelson v. Commonwealth, 281 Va. 212, 215, 707 S.E.2d 815, 816 (2011).

5

Sarafin's third assignment of error focuses upon the circuit court's refusal of Jury Instructions I, J, K and L. As a general rule, the decision to grant or deny proffered instructions rests within the sound discretion of the trial court. See Daniels v. Commonwealth, 275 Va. 460, 466, 657 S.E.2d 84, 87 (2008). However, "whether a jury instruction accurately states the relevant law is a question of law that we review de novo." Lawlor v. Commonwealth, 285 Va. 187, 228, 738 S.E.2d 847, 870 (2013)(quoting Orthopedic & Sports Physical Therapy Assocs., Inc. v. Summit Group Props., LLC, 283 Va. 777, 782, 724 S.E.2d 718, 721 (2012)). In deciding whether a particular instruction is proper, we view the facts in the light most favorable to the proponent of the instruction. See Commonwealth v. Cary, 271 Va. 87, 91, 623 S.E.2d 906, 907 (2006).

B. Code § 18.2-266

Code § 18.2-266 provides, in relevant part:

> It shall be unlawful for any person to drive or operate any motor vehicle, engine or train . . . while such person is under the influence of alcohol. . . .
> For the purposes of this article, the term "motor vehicle" includes mopeds, while operated on the public highways of this Commonwealth.

6

Sarafin's appeal involves two basic inquiries: (1) the definition of "operate," and (2) whether operation must occur on a highway to sustain a conviction under Code § 18.2-266.

### 1. Actual Physical Control

Our past decisions involving operation of a vehicle under the influence have focused on whether the defendant was in actual physical control of the vehicle. See, e.g., Enriquez, 283 Va. at 511, 722 S.E.2d at 252; Nelson, 281 Va. at 214, 219, 707 S.E.2d at 815, 818; Nicolls v. Commonwealth, 212 Va. 257, 258, 259, 184 S.E.2d 9, 10, 11 (1971); Gallagher v. Commonwealth, 205 Va. 666, 667, 670, 139 S.E.2d 37, 38, 40 (1964). In Nelson, we addressed a factual scenario remarkably similar to this case. Nelson was asleep inside his vehicle which was parked in the cul-de-sac of a residential neighborhood. 281 Va. at 214, 707 S.E.2d at 816. The ignition was in the auxiliary position, and the radio was playing. Id. Nelson argued that, based on these facts, he was not operating his motor vehicle. Id. at 215, 707 S.E.2d at 816. We disagreed, holding that:

> "Operating" means "engaging the machinery of the vehicle which alone, or in sequence, will activate the motive power of the vehicle." Manipulating the electrical equipment was one step between the "off" position and the point at which the motive power would be activated. While Nelson's action in turning the key to the "on" or "accessory" position of the

7

> ignition did not alone activate the motive power, it was an action taken "in sequence" up to the point of activation, making him the operator of the vehicle within the meaning of Code § 18.2-266.

Nelson, 281 Va. at 219, 707 S.E.2d at 818 (internal citation omitted).

Just a year after deciding Nelson, we again addressed the meaning of "operate" in Enriquez. We stated that "any individual who is in actual physical control of a vehicle is an operator." Enriquez, 283 Va. at 516, 722 S.E.2d at 255 (internal quotation marks omitted). In defining "actual physical control," we embraced the dissenting opinion in Stevenson v. City of Falls Church, 243 Va. 434, 439-40, 416 S.E.2d 435, 438-39 (1992)(Compton, J., dissenting), which stated:

> Ordinary experience tells us that one in a drunken stupor in the driver's seat of a vehicle is likely to arouse abruptly, engage the motive power of the vehicle, and roar away imperiling the lives of innocent citizens. This sequence of events easily can occur where, as here, a drunk is sitting behind the steering wheel of a motor vehicle alone, with the key already in the ignition. From a mechanical standpoint, the vehicle is capable of being immediately placed in motion to become a menace to the public, and to its drunken operator.

Based on this reasoning, we held in Enriquez that:

> [I]n discerning whether an intoxicated person seated behind the steering wheel of

8

> a motor vehicle . . . with the key
> inserted into the ignition switch of the
> vehicle is in actual physical control of
> the vehicle, the position of the key in
> the ignition switch is not determinative.
> [W]hen an intoxicated person is seated
> behind the steering wheel . . . and the
> key is in the ignition switch, he is in
> actual physical control of the vehicle
> and, therefore, is guilty of operating the
> vehicle while under the influence of
> alcohol within the meaning of Code § 18.2-
> 266.

283 Va. at 516-17, 722 S.E.2d at 255.

In this case, Sarafin was in actual physical control of his vehicle. He was seated behind the steering wheel, and the key was in the ignition switch. Accordingly, under our prior case law, the evidence was sufficient to conclude that he was an operator of the vehicle.

2. "On a Highway"

The difference between this case and Nelson and Enriquez is the location of the vehicle. In Nelson and Enriquez the vehicles were clearly on public highways. Compare Nelson, 281 Va. at 214, 707 S.E.2d at 816, with Enriquez, 283 Va. at 513, 722 S.E.2d at 253. In this case, Sarafin was on private property, namely, his own driveway. The question remains whether Code § 18.2-266 is violated when the operation of the vehicle occurs on a private way.

Code § 18.2-266 contains an explicit "on a highway" requirement for the operation of mopeds. However, the statute

9

includes no explicit language requiring an operator of a motor vehicle to be "on a highway" to sustain a conviction under Code § 18.2-266. Sarafin invites us, based on his reading of the definition of "operator" contained in Code § 46.2-100,[3] to imply an "on a highway" requirement for illegal operation of a motor vehicle under the influence of alcohol. We decline this invitation for several reasons.

First, we agree with the Commonwealth that the plain language of Code § 18.2-266 demonstrates there is no "on a highway" requirement for the operation of motor vehicles. The General Assembly clearly knows how to impose an "on a highway" requirement, but chose not to do so where the operator of a motor vehicle is intoxicated. In Code § 18.2-266, the General Assembly prohibits the operation of "mopeds, [] <u>on the public highways</u> of this Commonwealth" while the operator is intoxicated. (Emphasis added.)

Similarly, the General Assembly included a "public highway" requirement in Virginia's implied consent statute,

---

[3] Code § 46.2-100 defines "operator" as:

> every person who either (i) drives or <u>is in actual physical control of a motor vehicle on a highway</u> or (ii) is exercising control over or steering a vehicle being towed by a motor vehicle.

(Emphasis added.)

10

Code § 18.2-268.2.  Of course, the implied consent law is based upon the premise that a user of public roads in the Commonwealth consents "to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is arrested for violation of § 18.2-266, 18.2-266.1, or subsection B of § 18.2-272 or of a similar ordinance within three hours of the alleged offense."  Id.

"[W]hen the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional."  See Zinone v. Lee's Crossing Homeowners Ass'n, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011)(citing Hollingsworth v. Norfolk Southern Railway, 279 Va. 360, 366-67 & n.2, 689 S.E.2d 651, 654-55 & n.2 (2010); Halifax Corp. v. First Union National Bank, 262 Va. 91, 100, 546 S.E.2d 696, 702 (2001).  Based on this well-established rule of statutory construction, we hold that Code § 18.2-266 contains no "on a highway" requirement for the operation of motor vehicles.

Our conclusion is further supported by the fact that Code § 18.2-266 applies equally to motor vehicles, engines and trains.  Trains are operated on privately-owned tracks, not

11

public highways.  See, e.g., Preseault v. United States, 100 F.3d 1525, 1568-69 (Fed. Cir. 1996)(quoting Osgood v. Central Vermont Ry. Co., 60 A. 137, 140 (Vt. 1905))("A railroad corporation holds its station, grounds, railroad tracks . . . as its private property."); Coonce v. Missouri P. R. Co., 358 S.W.2d 852, 854 (Mo. 1962)("A railroad track is private property and the railroad generally has the exclusive right to the use of its tracks.").  Sarafin urges us to impose a public highway requirement for the operation of motor vehicles, which would require us to read "engine[s] or train[s]" out of the statute.  If the General Assembly had intended to segregate the operation of trains from the operation of motor vehicles, it certainly knows how to do so.[4]  Because Code § 18.2-266 applies equally to motor vehicles, engines and trains, and trains only operate on private tracks, we would have to carve out an implicit "private way" exception for motor vehicles in order to grant Sarafin relief.  This would require us to usurp the legislative function of the General Assembly, which we refuse to do.  Instead we are bound by the plain meaning of the statute, which compels our conclusion that Code § 18.2-266

---

[4] The General Assembly has segregated the operation of aircraft and watercraft while under the influence from the operation of motor vehicles while under the influence.  Code § 29.1-738 prohibits operation of watercraft while under the influence of alcohol and Code § 5.1-13 prohibits operation of aircraft while under the influence of alcohol.

12

contains no "private way" exception for the operation of motor vehicles.

In its argument before this Court, the Commonwealth noted that we have previously upheld convictions for driving under the influence in two cases where the vehicles were on private property. See Valentine v. County of Brunswick, 202 Va. 696, 697, 699, 119 S.E.2d 486, 486-87, 488 (1961); Williams v. City of Petersburg, 216 Va. 297, 298, 301, 217 S.E.2d 893, 894, 896 (1975). While those cases involved convictions under county drunk driving ordinances, the ordinances at issue were similar to Code § 18.2-266. Therefore, our reasoning in Valentine, 202 Va. at 698-99, 119 S.E.2d 487-88, and Williams, 216 Va. at 299, 217 S.E.2d at 895, supports our conclusion that Code § 18.2-266 has no "on a highway" requirement.

Finally, Sarafin argues that this Court incorporated an "on a highway" requirement into the rule it announced in Enriquez, when we stated that:

> When an intoxicated person is seated behind the steering wheel of a motor vehicle on a public highway and the key is in the ignition switch, he is in actual physical control of the vehicle and, therefore, is guilty of operating the vehicle while under the influence of alcohol within the meaning of Code § 18.2-266.

283 Va. at 517, 722 S.E.2d at 255 (emphasis added). However, the issue in Enriquez was not whether the defendant was on a

13

public highway, but rather, whether the defendant was in actual physical control of his vehicle. Neither of the parties in Enriquez briefed or argued any contention that Code § 18.2-266 contained an "on a highway" requirement. Because the reference to "on a highway" was not essential to the Court's judgment, it is unbinding dicta. See Harmon v. Peery, 145 Va. 578, 583, 134 S.E. 701, 702 (1926) ("Obiter dicta are such opinions uttered by the way, not upon the point or question pending, . . . as if turning aside . . . from the main topic of the case to collateral subjects." (citations and internal quotation marks omitted)).

C. Jury Instructions

Sarafin proposed four jury instructions which are now before us on appeal. Proposed Instruction I reads:

> Operating means driving a motor vehicle from one place to another; starting the engine; or engaging the machinery of a vehicle which alone or in sequence will activate the motive power of the vehicle without actually putting the vehicle in motion; or manipulating the electrical or mechanical equipment which alone or in sequence will activate the motive power of the vehicle without actually putting the vehicle in motion. Any individual who is in actual physical control of a vehicle on a public roadway is an operator. When the engine is not running in a private driveway, the Commonwealth must prove by direct or circumstantial evidence that the defendant specifically intended to activate the motive power of the vehicle

14

to enter a public roadway while under the influence of alcohol.

Proposed Instruction K defines an "operator" as "every person who drives or is in actual physical control of a motor vehicle on a highway." Proposed Instructions L and J provide the defendant's definition of "highway" and "private road or driveway." The circuit court refused each of Sarafin's proposed instructions, giving Instruction 6 instead:

> Operating a motor vehicle means driving the vehicle from one place to another or starting the engine or manipulating the electrical or mechanical equipment of the vehicle without actually putting the vehicle in motion or engaging the machinery of the vehicle which alone or in sequence will activate the motive power of the vehicle.

It was not improper for the circuit court to grant Instruction 6 and refuse Instructions I, J, K and L. Instruction 6 clearly states the law and covers the issues fairly raised by the evidence. In contrast, Instructions I, J, K and L either misstate the law or are irrelevant based on the facts of this case.

Given our holding that Code § 18.2-266 contains no "on a highway" requirement, the inclusion of such a requirement in the definition of operating a motor vehicle as set forth in proposed Instruction I is incorrect. Similarly, proposed Instructions J and L are irrelevant, because the jury did not

15

need definitions of "highway" and "private road or driveway" to convict the defendant of violating Code § 18.2-266. Finally, proposed Instruction K was properly refused, even though it correctly recited the definition of operator contained in Code § 46.2-100, because Code § 18.2-266 has no "on a highway" requirement.

### III.  Conclusion

We will affirm the judgment of the Court of Appeals upholding Sarafin's conviction.

Affirmed.


JUSTICE MIMS, dissenting.

In Enriquez v. Commonwealth, 283 Va. 511, 517, 722 S.E.2d 252, 255 (2012), we said that

> when an intoxicated person is seated behind the steering wheel of a motor vehicle on a public highway and the key is in the ignition switch, he is in actual physical control of the vehicle and, therefore, is guilty of operating the vehicle while under the influence of alcohol within the meaning of Code § 18.2-266.

(Emphasis added).[1]  Our holding in that case therefore applies only when the motor vehicle is located on a public highway. The motor vehicle in this case was not.  Consequently, "[t]he Court seeks to avoid the obvious import of this language by

---

[1] This emphasized portion of Enriquez is omitted from the quotation in Part II(B)(1) of the majority opinion.

16

characterizing it as mere dicta.  Only a concept of dictum

that includes the very reasoning of the opinion could support

this characterization."   Rogers v. Tennessee, 532 U.S. 451,

469 (Scalia, J., dissenting).  I therefore must dissent.

In Enriquez, the defendant was parked at a bus stop on a

public highway.  283 Va. at 513, 722 S.E.2d at 253.  He "was

going to see his girlfriend but was not sure as to where [she]

was."  Id. at 514, 722 S.E.2d at 254 (internal quotation marks

omitted).  The key was in the vehicle's ignition but no trial

witness knew what position it was in.  Id.

Appealing his conviction under Code § 18.2-266, Enriquez

noted our decision in Stevenson v. City of Falls Church, 243

Va. 434, 416 S.E.2d 435 (1992), wherein we reversed an earlier

conviction under Code § 18.2-266 on similar facts.  In

deciding that Stevenson did not control, we explicitly

"turn[ed] for assistance to Code § 46.2-100."  We observed

that "Code § 46.2-100 provides that 'operator' or 'driver'

means every person who either (i) drives or is in actual

physical control of a motor vehicle on a highway or (ii) is

exercising control over or steering a vehicle being towed by a

motor vehicle."  Enriquez, 283 Va. at 515-16, 722 S.E.2d at

255 (internal quotation marks, alterations, and emphasis

omitted).

We also observed that in an earlier decision, Williams v.

City of Petersburg, 216 Va. 297, 217 S.E.2d 893 (1975), "we

17

stated that operating a motor vehicle included 'manipulating the mechanical or electrical equipment of the vehicle . . . which alone, or in sequence, will activate the motive power of the vehicle.'" Enriquez, 283 Va. at 516, 722 S.E.2d at 255 (quoting Williams, 216 Va. at 300, 217 S.E.2d at 896). We clarified that a defendant who met this standard of "operat[ing]" under Code § 18.2-266 would be culpable, but that it was not the only standard.[2] Rather, we said, "[a]lthough operating a motor vehicle may be proven by evidence of manipulation of the mechanical or electrical equipment," i.e., the Williams standard, "it need not be proven in that manner. All that is necessary is evidence that the person is in actual physical control of the vehicle within the meaning of Code § 46.2-100." Id. (emphasis added).

Consequently, there are two standards that may be applied to determine whether a defendant "operate[d] any motor vehicle, engine or train" for the purposes of Code § 18.2-266: the Williams standard (requiring manipulation of the mechanical or electrical equipment of the vehicle which will activate its motive power) and the Enriquez standard (requiring actual physical control within the meaning of Code § 46.2-100). As we ourselves explained when we formulated it, the Enriquez standard flows directly from the definition of "operator" provided by Code § 46.2-100: we said, "the

_____

[2] The majority opinion does not reference the Williams standard.

18

statutory definition of 'operator' is controlling." Id.
(emphasis added).

Thus, the Enriquez standard requires the element that the motor vehicle be present on a public highway precisely and solely because Code § 46.2-100 includes that element in its definition of "operator": the relevant statutory definition is "every person who . . . drives or is in actual physical control of a motor vehicle on a highway."[3] Code § 46.2-100 (emphasis added).

We (unanimously) created this nexus between Code §§ 18.2-266 and 46.2-100 in Enriquez, so the significance the majority attributes to its omission from the language enacted by the General Assembly is misplaced.[4] Similarly, the fact that

_____

[3] Code § 46.2-100 defines "highway" for the purpose of this definition in relevant part as:

> every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth . . . and, for law-enforcement purposes (i) . . . all private roads or private streets that have been specifically designated "highways" by an ordinance adopted by the governing body of the county, city, or town in which such private roads or streets are located and (ii) . . . every way or place used for purposes of vehicular travel on any property owned, leased, or controlled by the United States government and located in the Commonwealth.

[4] Moreover, the General Assembly has acquiesced in this nexus because it has not amended Code § 18.2-266 in either of its two sessions following Enriquez, and none of its five subsequent amendments to Code § 46.2-100 have altered the definition of "operator." E.g., Barson v. Commonwealth, 284

19

trains and engines are not operated on public highways is irrelevant here because they are expressly excluded from the meaning of "motor vehicle" as used in the definition of "operator" set out in Code § 46.2-100.[5]  Consequently, the Williams standard is adequate to cover them as they are not operated on public highways.[6]

While the majority refers to two cases in which we have affirmed similar convictions for conduct on private property, neither is relevant here because they do not present facts similar to those on which we decided Enriquez.  In the first, Valentine v. County of Brunswick, 202 Va. 696, 697, 119 S.E.2d 486, 486 (1961), the defendant stipulated that he "operat[ed] his motor vehicle while under the influence of intoxicants."  The other was Williams, in which the vehicle's motor was running.  216 Va. at 298, 217 S.E.2d at 894.

Accordingly, I reject the majority's characterization that the Enriquez standard's public highway element is dictum.

_____

Va. 67, 74, 726 S.E.2d 292, 296 (2012) (citing Tazewell County School Board v. Brown, 267 Va. 150, 163-64, 591 S.E.2d 671, 678 (2004)); J. A. Jones Constr. Co. v. Martin, 198 Va. 370, 378, 94 S.E.2d 202, 207-08 (1956); see also 2013 Acts chs. 128, 400 and 783; 2014 Acts chs. 53 and 256.

[5] "'Motor vehicle' means every vehicle as defined in this section . . . ."  Code § 46.2-100.  "'Vehicle' means every device in, on or by which any person or property is or may be transported or drawn on a highway, except devices moved by human power or used exclusively on stationary rails or tracks."  Id. (emphasis added).

[6] Similarly, under the Williams standard, a person "operate[s]" a motor vehicle for the purpose of Code § 18.2-266 once the motor is running wherever the motor vehicle is.

20

Without that element, the Court has taken the final step toward construing Code § 18.2-266 to punish a person for merely occupying, rather than operating, a motor vehicle. See Nelson v. Commonwealth, 281 Va. 212, 219, 707 S.E.2d 815, 818 (2011) (Koontz, J., dissenting) (quoting Williams, 216 Va. at 303, 217 S.E.2d at 898 (Harrison, J., joined by Cochran and Poff, JJ., dissenting)). If the public highway element had been omitted from our Enriquez opinion, I would have dissented then. Because the majority retroactively withdraws it here, I must do so now.

JUSTICE McCLANAHAN, with whom CHIEF JUSTICE KINSER joins, dissenting.

As far back as 1964, this Court determined in Gallagher v. Commonwealth, 205 Va. 666, 139 S.E.2d 37 (1964), that Code § 18.1-54, now Code § 18.2-266, contains an "on a highway" element based on the Court's interpretation of the word "operate" in the DUI statute. And, this Court has consistently adhered to this interpretation for exactly half a century, until today.

The majority opinion instead concludes there is now no "on a highway" element for a DUI conviction of an operator of a motor vehicle under Code § 18.2-266, reaching this conclusion by declaring that the Court's recent articulation

21

of such requirement in Enriquez v. Commonwealth, 283 Va. 511, 722 S.E.2d 252 (2012), was mere dicta.

Jettisoning the half-century-old highway requirement in the DUI statute also greatly undermines the "actual physical control" part of the majority opinion analysis (Part II.B.1.). The actual physical control and the highway elements of the DUI statute are derived from the very same statutory definition taken from the Motor Vehicle Code and incorporated into the DUI statute.

In Gallagher, this Court interpreted the word "operate" in the DUI statute to include both the actual physical control element and the highway element by incorporating into the statute the definition of the word "operator" set forth in Code § 46.1-1(17) (now Code § 46.2-100) of the "Motor Vehicle Code," to-wit: "Every person who drives or is in actual physical control of a motor vehicle upon a highway or who is exercising control over or steering a vehicle being towed by a motor vehicle." Gallagher, 205 Va. at 668, 139 S.E.2d at 39 (emphasis added). The definition of "operator" in the successor statute, incorporated into the Court's analysis in Enriquez, is nearly identical: "'[o]perator' or 'driver' means every person who either (i) drives or is in actual physical control of a motor vehicle on a highway or (ii) is exercising control over or steering a vehicle being towed by a motor

22

vehicle."  Code § 46.2-100 (emphasis added); Enriquez, 283 Va. at 516, 722 S.E.2d at 255.

Based on this definition, this Court has held in a series of cases over the last fifty years, beginning with Gallagher and extending to Enriquez, that the DUI statute proscribes a range of acts by an intoxicated person determined to constitute actual physical control of a motor vehicle without the vehicle actually being put in motion.[1]  See, e.g., Gallagher, 205 Va. at 667, 139 S.E.2d at 37 (defendant found sitting at steering wheel of car, which was stuck in a highway median ditch with the motor running, the car in gear, and a rear wheel spinning); Nicolls v. Commonwealth, 212 Va. 257, 258, 184 S.E.2d 9, 10 (1971) (defendant found "slumped over" steering wheel of car, parked on a highway with motor running, lights on, and heater in operation); Nelson v. Commonwealth, 281 Va. 212, 214, 707 S.E.2d 815, 815-16 (2011) (defendant found "hunched over" in driver's seat of car, parked on a cul-de-sac in a residential neighborhood, engine not running, but radio playing and ignition key in an "on or accessory

---

[1] Addressing the proscription of "driv[ing] or operat[ing]" a motor vehicle while under the influence of alcohol under the former DUI statute, Code § 18.1-54 (emphasis added), the Court in Gallagher explained: "It seems clear that driving an automobile means putting in motion; but it seems equally clear that unless it was intended that § 18.1-54 should cover an activity in addition to driving, the word 'operate' is useless baggage and serves no purpose." Gallagher, 205 Va. at 668-69, 139 S.E.2d at 39.

23

position"); <u>Enriquez</u>, 283 Va. at 513-14, 722 S.E.2d 253-54 (defendant seated behind steering wheel of car, parked on a public street, engine not running, but key in ignition switch). Moreover, in each such case, where the Court affirmed the conviction under the DUI statute, the defendant was in a motor vehicle located on a highway, as defined in Code § 46.2-100, not private property.[2] This, of course, is consistent with the definition of "operator" incorporated into the DUI statute from this same provision of the Motor Vehicle Code, Code § 46.2-100, the effect of which has been, once again, to include both the actual physical control and highway requirements as elements of a DUI conviction.

Accordingly, in <u>Enriquez</u>, a unanimous decision, we reaffirmed the nexus between Code §§ 18.2-266 and 46.2-100.

---

[2] Code § 46.2-100 defines "highway" as:

> [T]he entire width between the boundary lines of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys, and, for law-enforcement purposes, (i) the entire width between the boundary lines of all private roads or private streets that have been specifically designated "highways" by an ordinance adopted by the governing body of the county, city, or town in which such private roads or streets are located and (ii) the entire width between the boundary lines of every way or place used for purposes of vehicular travel on any property owned, leased, or controlled by the United States government and located in the Commonwealth.

We thus did not state that only a portion of the definition of "operator" in Code § 46.2-100 controls construction of the phrase "operate a motor vehicle" in Code § 18.2-266. Rather, we held that the entire definition of "operator" in Code § 46.2-100 governs in applying Code § 18.2-266. It would be inexplicable to import the "actual physical control" element of Code § 46.2-100 into the DUI statute, while simultaneously rejecting the "on a highway" requirement imposed by that same Code section.[3] Id.

The majority opinion, however, without any reason or principle, tries to have it both ways by adhering to the actual physical control requirement while simultaneously rejecting (after 50 years) the highway requirement, when both requirements were derived from the very same statutory definition, which this Court incorporated into the DUI statute in toto.

Furthermore, while it is indeed true that the legislature did not include the "on a highway" requirement within the express language of Code § 18.2-266, that is equally true of the "actual physical control" requirement that the majority

---

[3] Because, here, we are reviewing a DUI case like Enriquez where the defendant's vehicle was not in motion, and we are, thus, called upon to construe the word "operate" as opposed to the word "drive" under Code § 18.2-266, I express no opinion as to whether one may be guilty under the statute when driving on private property while under the influence of alcohol.

applies in this case. Nonetheless, given the significant history of this Court's use of the definition of "operator" in the Motor Vehicle Code to define "operate" in the DUI statute without any legislative response, the legislature has undoubtedly viewed this interpretation favorably.[4] See Manchester Oaks Homeowners Ass'n v. Batt, 284 Va. 409, 428, 732 S.E.2d 690, 702 (2012); Barson v. Commonwealth, 284 Va. 67, 74, 726 S.E.2d 292, 296 (2012)); Tazewell County School

[4] I also disagree with the majority's position that Valentine v. County of Brunswick, 202 Va. 696, 119 S.E.2d 486 (1961), and Williams v. City of Petersburg, 216 Va. 297, 217 S.E.2d 893 (1975), support its conclusion that "Code § 18.2-266 has no 'on a highway' requirement." The majority asserts that the Court upheld DUI convictions in these two cases under local ordinances similar to Code § 18.2-266 where the vehicles involved were on private property. First, Valentine specifically states that the "ordinance [at issue] is not a highway regulation and cannot be construed as part of the general codification of the State motor vehicle laws." Valentine, 202 Va. at 698, 119 S.E.2d at 487. Furthermore, Valentine would have no precedential value to the extent it could otherwise be read as supporting the majority's conclusion because it would have been impliedly overruled by Gallagher. As to Williams, the Court made no determination that the motor vehicle at issue there was located on private property. As the Court explained, "[t]he evidence does not establish whether the parking lot was publicly or privately owned, but because the city ordinance . . . proscribes the prohibited conduct 'in the city,' ownership of the parking lot is not relevant in this case." Williams, 216 Va. at 298 n.3, 217 S.E.2d at 894 n.3.

In addition, unlike the majority, I have no objection, as a matter of statutory construction, to this Court applying a motor vehicle related definition from the Motor Vehicle Code to define the contours of the meaning of "operate any motor vehicle" under the DUI statute, even though that same definition cannot be applied to the operation of trains under the DUI statute. Code § 18.2-266.

26

Board v. Brown, 267 Va. 150, 163-64, 591 S.E.2d 671, 678 (2004).  For these reasons, I discern no justifiable basis for departing from this Court's precedent in deciding this case, a conclusion dictated by fidelity to the doctrine of stare decisis. See Jamerson v. Coleman-Adams Constr., Inc., 280 Va. 490, 504, 699 S.E.2d 197, 204 (2010) ("'[A]ny departure from [the doctrine of stare decisis] demands special justification.'" (quoting Arizona v. Rumsey, 467 U.S. 203, 212 (1984))); see also Selected Risks Ins. Co. v. Dean, 233 Va. 260, 265, 355 S.E.2d 579, 581 (1987); Kelly v. Trehy, 133 Va. 160, 169, 112 S.E. 757, 760 (1922).  Accordingly, I would reverse the judgment of the Court of Appeals affirming the defendant's conviction for violating Code § 18.2-266 and vacate the conviction.